# Exhibit E

Exhibit E

David J. Archuleta
darchuleta.advocate@hotmail.com
David J. Archuleta and Associates
945 N. 9th Ave.
Pocatello, ID 83201
Telephone: 208.221.3826

Elijah M. Watkins (*pro hac vice* pending)
elijah.watkins@stoel.com
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID 83702
Telephone: 208.389.9000
Facsimile: 208.389.9040

*Attorneys for Defendant*

FILED IN THE
SHOSHONE-BANNOCK
TRIBAL COURT

2023 MAR 27 P 4: 11

CLERK OF THE COURT

BY:
COURT CLERK'S OFFICE

## SHOSHONE-BANNOCK TRIBAL COURT
## FORT HALL RESERVATION
## CIVIL DIVISION

| | |
|---|---|
| SHOSHONE-BANNOCK TRIBES; and FORT HALL BUSINESS COUNCIL,<br><br>Plaintiffs,<br><br>v.<br><br>VANIR CONSTRUCTION MANAGEMENT, INC.,<br><br>Defendant. | Case No. 2023-CV-CM-0051<br><br>**MOTION TO DISMISS AND MEMORANDUM IN SUPPORT** |

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1
II. BACKGROUND .......... 1
III. LEGAL STANDARD .......... 2
IV. ARGUMENT .......... 3
A. The Complaint Must Be Dismissed Because the Shoshone-Bannock Tribes and the Fort Hall Business Council Are Not Proper Plaintiffs. .......... 3
B. The Indemnification Claim Should Be Dismissed Because It Contradicts the Plain Language of the Contract .......... 5
C. Plaintiffs' "Quantum Meruit/Unjust Enrichment" Claim Should Be Dismissed Because There Is an Express Contract. .......... 6
V. CONCLUSION .......... 7

# I. INTRODUCTION

Defendant Vanir Construction Management, Inc. ("Vanir") moves to dismiss the Complaint under Law and Order Code of the Shoshone-Bannock Tribes § 4-1-49(b)(5), (6). The Shoshone-Bannock Tribes and the Fort Hall Business Council (collectively, the "Tribes") sue Vanir under four theories that relate to Vanir's contract to provide construction management services to support the Tribes' Phase II Casino Expansion Project (the "Project"). But that contract was amended to be between only Vanir and the Shoshone-Bannock Tribal Attorney's Office, which is not a named plaintiff. The Court should thus dismiss the Complaint in its entirety because the Tribes are not entitled to relief under the contract and the Complaint fails to include a necessary party. However, if the Court declines to dismiss the Complaint in its entirety, the Court should still dismiss the indemnification claim because Plaintiffs seek to recover damages that are not subject to the contract's indemnification clause and should dismiss the "quantum meruit/unjust enrichment" claim because there already exists an express contract.

# II. BACKGROUND

In July 2015, Vanir entered into a written contract to provide certain construction management services to support the Project (the "Contract"). Cmpl. ¶ 8. Vanir is not an architectural firm or a general contractor; it thus did not design or construct the Project. The Tribes instead hired architects and general contractors to provide those services. *Id.* at ¶ 10 (explaining that TBE and FFKR were the architects), ¶¶ 13, 15 (explaining that OBI and Big-D were the general contractors). Vanir is also not a law firm; it thus did not advise the Tribes on their legal obligations under their contracts with the architects and general contractors. The lawyers that have brought this lawsuit on behalf of the Tribes provided those services.

The Project was not completed as originally planned, largely due to issues between the Tribes and the original general contractor, OBI. Because of those issues, the Tribes decided to terminate OBI. *Id.* at ¶ 15. Although the Tribes acknowledge that they, not Vanir, made the

decision to terminate, the Tribes nonetheless attribute that decision to Vanir's guidance. *Id.* But, again, Vanir is not a law firm. The Tribes' lawyers—not Vanir—were responsible for advising whether the Tribes could lawfully terminate under the contract with OBI.

An arbitration panel disagreed with the advice that the Tribes' lawyers provided and thus found that the Tribes wrongfully terminated their contract with OBI. *Id.* at ¶ 19. Ever since then the Tribes (through those same lawyers) have sought to recoup the losses incurred at the OBI arbitration, incurring additional legal fees to first sue the architects and Big-D, *id.* at ¶¶ 23, 43, and now sue Vanir.

But Vanir was not a party to the arbitration between the Tribes and OBI. That means OBI brought no claims against Vanir and the arbitration panel made no findings against Vanir. Thus, the arbitration panel's decision is not binding here.

Having already fought on multiple legal fronts with OBI, Big-D, TBE, and FFKR, the Tribes bring this most recent lawsuit against Vanir for negligence, breach of contract, indemnification, and "quantum meruit/unjust enrichment." But because the contract is no longer with the Tribes (it was renegotiated to be between the Tribes' lawyers and Vanir), the Complaint must be dismissed in its entirety since the Tribes are not the proper parties. And besides, under the plain terms of the contract, indemnification does not apply to the damages sought, and the quantum meruit/unjust enrichment claim cannot be maintained where, as here, there already exists an express contract. For those reasons, Vanir now moves to dismiss the claims brought against it.

### III. LEGAL STANDARD

The Court may dismiss a complaint for "failure to state a claim upon which relief can be granted" or "failure to join a party." Law and Order Code of the Shoshone-Bannock Tribes § 4-1-49(b)(5), (6). When considering a motion to dismiss, "a court may consider certain materials, such as documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice[.]" *Rocky Mountain Med. Mgmt., LLC v. LHP Hosp. Grp., Inc.*, No. 4:13-
Motion to Dismiss and Memorandum in Support - 2

CV-00064-EJL, 2013 WL 5469890, at *6 n.7 (D. Idaho Sept. 30, 2013). A contract referenced in the complaint or that forms the basis for a claim in the complaint may be considered on a motion to dismiss without converting the motion to one for summary judgment. *Id.*

## IV. ARGUMENT

### A. The Complaint Must Be Dismissed Because the Shoshone-Bannock Tribes and the Fort Hall Business Council Are Not Proper Plaintiffs.

The Complaint names two Plaintiffs: the Shoshone-Bannock Tribes and the Fort Hall Business Council. Those Plaintiffs bring four claims, all of which flow from the Contract. For example:

- Vanir "agreed contractually that the Shoshone-Bannock Tribal Court has exclusive jurisdiction over any dispute between the parties." Cmpl. ¶ 6.

- The Plaintiffs' *first* general allegation is that "Vanir executed an agreement" that "set out specific responsibilities and tasks for Vanir to perform to ensure that the Project was successfully and properly designed and built." *Id.* at ¶ 8.

- The Plaintiffs' negligence claim alleges duties owed "[i]n accordance with its [C]ontract" and an alleged failure "to perform its duties and services for the Project consistent with the standard of care for an owner representative *and in accordance with the terms of the parties' contract.*" *Id.* at ¶ 29 (emphasis added).

- The Plaintiffs' breach of contract claim is based on the allegation that "Vanir breached the July 14, 2015 Agreement, *as amended*, by failing to perform its contractual duties, responsibilities, and obligations set forth in the Agreement." *Id.* at ¶ 36 (emphasis added).

- The Plaintiffs' indemnification claim is based on the allegation that "The Vanir Agreement contains an indemnification clause. Pursuant to the indemnification clause, Vanir is contractually required to indemnify and hold the Tribes harmless for claims and disputes arising from Vanir's negligence and failure to perform under the parties' Agreement." *Id.* at ¶ 42.

- The Plaintiffs' "Quantum Meruit/Unjust Enrichment" claim is based on the amount paid to Vanir according to Vanir's Contract. *Id.* at ¶ 46.

In short, this lawsuit is all about the Contract. But the named Plaintiffs are not party to the Contract that they are suing under. In December 2019, the Contract was amended by Bill Bacon (an attorney bringing this lawsuit). The Amendment says:

Amendment No. 8

TO THE AGREEMENT BETWEEN THE SHOSHONE-BANNOCK TRIBES AND VANIR CONSTRUCTION MANAGEMENT, INC.

The Agreement executed July 14, 2015, ("Agreement) between the Shoshone-Bannock Tribes, ("Owner") and Vanir Construction Management, Inc., ("VCM") is amended as provided herein. This Amendment when signed by both parties becomes part of the Agreement, effective the date of the last signed. Except as specifically provided in this Agreement, all terms and conditions of the Agreement, including any prior amendments thereto and all documents incorporated therein by reference, shall remain in full force and effect.

1. The first sentence of the agreement shall read:

   "THIS AGREEMENT is made by and between the Shoshone Bannock Tribal Attorney's office (hereinafter "Attorneys") and Vanir construction Management, Inc. (hereinafter "Owner Representative"). The Attorneys and Owner Representative agree as set forth below:"

SHOSHONE-BANNOCK TRIBES

By: _____
    WILLIAM BACON
Title: General Counsel
       Shoshone-Bannock Tribes
       Tribal Attorney's Office

Date: 11/21/2019

VANIR CONSTRUCTION MANAGEMENT, INC.

By: _____
    STEVEN WHITEHEAD, authorized agent
Title: President
       Vanir Construction Management, Inc.

Date: 12/09/2019

Declaration of Elijah M. Watkins in support of Motion to Dismiss ("Watkins Decl."), Ex. A, p. 36.

Accordingly, the proper party to sue under the Contract "as amended" is the Shoshone-Bannock Tribal Attorney's Office. Cmpl. ¶ 36; *GECCMC 2005-C1 Plummer St. Off. Ltd. P'ship v. JPMorgan Chase Bank, Nat'l Ass'n*, 671 F.3d 1027, 1033 (9th Cir. 2012) ("[O]nly a party to a contract or an intended third-party beneficiary may sue to enforce the terms of a contract or obtain an appropriate remedy for breach."). The named Plaintiffs are not parties to the Contract, as amended, so the Complaint must be dismissed.

Nor are the named Plaintiffs third-party beneficiaries because the Contract itself, as amended, does not state an intent to expressly benefit the Tribes. *Partout v. Harper*, 145 Idaho 683, 687, 183 P.3d 771, 775 (2008) ("The intent to benefit the third party must be expressed in the contract itself."). The Court should thus dismiss the entire Complaint for failure to state a claim and for failure to join a required party.

**B.    The Indemnification Claim Should Be Dismissed Because It Contradicts the Plain Language of the Contract.**

Even if the Court declines to dismiss the entire Complaint, it should still dismiss the indemnification claim. The Tribes seek to recover under the indemnification clause in the Contract. Cmpl. ¶ 42. That indemnification clause reads as follows:

> The Owner's Representative hereby agrees to indemnify and hold harmless the Owner and its employees from and against any and all claims, demand, suits, and damages for *bodily injury* and *property damage* for which the Owner's Representative is liable that arise out of the *solely* negligent acts or omissions of the Owner's Representative in performing the construction manager's services under this Agreement provided, however, that the Owner's Representative does not assume any risk of damages to property that is incorporated in or shall be incorporated in or is located at the project site which is not within the possession of the Owner's Representative or under the Owner's Representative's direction or control.

Watkins Decl., Ex. A., p. 9 (emphasis added).

The indemnification provision requires Vanir to indemnify two types (and only two types) of harm—"bodily injury and property damage"—when Vanir is "solely" the negligent party. Also, Vanir is not responsible for damage to property unless the property is within Vanir's possession, direction, or control. Applying those contractual requirements, The Tribes' indemnification claim fails for several reasons.

The Tribes first seek indemnification for the arbitration award that OBI received against the Tribes. Cmpl. ¶ 43. The arbitration panel awarded contract damages to OBI because it found that the Tribes wrongfully terminated its contract with OBI. *Id.* at ¶¶ 15, 17. That award constitutes contract damages—not "bodily injury and property damage." As a result, the OBI arbitration

Motion to Dismiss and Memorandum in Support - 5

award is not subject to the indemnification clause, meaning the Tribes have failed to state a claim upon which relief can be granted.

The Tribes next seek indemnification for "exterior stone damages" about which the Tribes arbitrated with Big-D. *Id.* at ¶¶ 43–44. Although Plaintiffs fail to plead it—presumably to avoid dismissal—the exterior stone damage related to alleged defective construction, not property damage subject to the indemnification clause. But even as pled, Plaintiffs ignore that the Tribes *recovered* funds from Big-D in that arbitration, not the other way around. *Id.* at ¶ 25. The arbitration with Big-D, and the later recovery in favor of the Tribes, means two things. *First*, Big-D was at least partially responsible for the damage, meaning Vanir was not "solely" the allegedly negligent party. *Second*, the exterior stone, which Big-D was responsible for installing given its payment for the damage, was in Big-D's possession, direction, or control—not Vanir's.

Each of those facts provides an independent reason for this Court to dismiss the indemnification claim. For that and the other reasons already stated, this Court should do so.

C. **Plaintiffs' "Quantum Meruit/Unjust Enrichment" Claim Should Be Dismissed Because There Is an Express Contract.**

If the Court does not dismiss the entire Complaint (and it should) for the reasons provided in section IV.A, it should still dismiss the "quantum meruit/unjust enrichment" claim. There, the Tribes seek to recover the monies paid to Vanir under the Contract. *Id.* at ¶ 46. But quantum meruit and unjust enrichment are equitable doctrines that imply a contract in law or in fact when an actual contract does not exist. *See Turcott v. Est. of Bates*, 165 Idaho 183, 189, 443 P.3d 197, 203 (2019). Accordingly, a party cannot recover under theories of quantum meruit or unjust enrichment when there is an express contract in place. *Thomas v. Thomas*, 150 Idaho 636, 643, 249 P.3d 829, 836 (2011) ("Recovery cannot be had for unjust enrichment where there is an express contract covering the same subject matter."). Treaties on this topic make this point abundantly clear.

> The existence of an express contract on a given subject generally excludes an implied agreement on the same subject, as there cannot be an express and implied

contract for the same thing existing at the same time between the same parties. ... When the parties' expectations of a beneficial return from a contract are not realized, they may not turn to a quasi contract theory for recovery .... As a general rule, there can be no recovery under a quasi contract theory, such as money had and received, when a valid, express contract covers the subject matter of the parties' dispute.

42 C.J.S. *Implied Contracts* § 59 (footnotes omitted).

Because the Tribes allege that there is an enforceable, express contract, they cannot also recover under theories of quantum meruit and unjust enrichment. The Tribes thus fail to state a claim upon which relief can be granted. The Court should dismiss the "quantum meruit/unjust enrichment" claim.

## V. CONCLUSION

Vanir requests that the Court dismiss the Complaint in its entirety. That is the right result when the contracting party is not named in a breach of contract case. However, if the Court declines to do so, then in the alternative Vanir requests that the Court dismiss the claims for indemnification and "quantum meruit/unjust enrichment" since the Tribes have failed to state claims upon which relief can be granted.

DATED: March 27, 2023.

/s/ David J. Archuleta
David J. Archuleta
Elijah M. Watkins (*pro hac vice* pending)

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 27, 2023, I served a true and correct copy of the within and foregoing upon the following named parties by the method indicated below:

| | |
|---|---|
| Bill Bacon | [ ] Via U.S. Mail |
| Paul C. Echo Hawk | [ ] Via Facsimile |
| Andrew Gabel | [ ] Via Overnight Mail |
| | [x] Via Email |

*Attorneys for Plaintiffs*

/s/ _____
David Archuleta