# Exhibit J

# Exhibit J

David J. Archuleta
darchuleta.advocate@hotmail.com
David J. Archuleta and Associates
945 N. 9th Ave.
Pocatello, Idaho 83201
Telephone: 208.221.3826

Elijah M. Watkins, ISB No. 8897 *pro hac vice*
elijah.watkins@stoel.com
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID 83702
Telephone: 208.389.9000
Facsimile: 208.389.9040

*Attorneys for Defendant*



## SHOSHONE-BANNOCK TRIBAL COURT
## FORT HALL RESERVATION
## CIVIL DIVISION

| | |
|---|---|
| SHOSHONE-BANNOCK TRIBES; and FORT HALL BUSINESS COUNCIL,<br><br>Plaintiffs,<br><br>v.<br><br>VANIR CONSTRUCTION MANAGEMENT, INC.,<br><br>Defendant. | Case No. 2023-CV-CM-0051<br><br>**MEMORANDUM IN SUPPORT OF VANIR'S MOTION TO SET ASIDE ENTRY OF DEFAULT** |

COMES NOW Vanir Construction Management, Inc. ("Vanir"), by and through undersigned counsel of record and pursuant to the Shoshone-Bannock Law and Order Code (the "Code") § 4-1-77(c), hereby respectfully submits this memorandum of law in support of its Motion to Set Aside Entry of Default.

## INTRODUCTION

Rather than winning this case on the merits, Plaintiffs are trying to win it by gamesmanship. Counsel for Plaintiffs and Vanir have been communicating regularly about this dispute for more than a year, including the parties' participation in mediation just last month. When Plaintiffs decided to file their lawsuit, the parties were in contact about service of process, which has been a moving target from the beginning. Because of potentially defective service, a few weeks ago the parties began negotiating a stipulation on the matter. Adding to the confusion, and in the midst of these negotiations, on March 14, 2023, Plaintiffs sought the Chief Judge's authorization to serve the summons by publication in two Sacramento newspapers. Because of Plaintiffs' actions and communications, Vanir reasonably believed that Plaintiffs had not yet properly effectuated service.

Then, on March 23 (one day after Plaintiff claims a response to the Complaint was due[1] and without notifying Vanir's counsel), Plaintiffs filed a Motion for Entry of Default. The Tribal Court Clerk entered default the following day. Vanir only learned of the default because one of its attorneys (David Archuleta) heard about it from one of Plaintiffs' attorneys (Bill Bacon) when a copy of the motion to dismiss was being hand delivered.

Plaintiffs' counsel should not be rewarded for duplicity: negotiating a stipulation on service of process and moving for authorization to serve by publication all while counting the days until it could ask the clerk for a default entry. Vanir respectfully requests that this Court set aside the clerk's entry of default.

---

[1] Vanir does not concede that service was effectuated on March 2, 2023 or that a response was due on March 22. As discussed *infra*, Vanir's agent's assistant was served on March 7. Even assuming that constituted proper service (and it did not), Vanir's response would be due March 28. Vanir filed its motion to dismiss on March 27.

## BACKGROUND

Vanir's counsel was originally retained in relation to this dispute in November 2021. *See* Declaration of Elijah M. Watkins ("Watkins Decl.") Exhibit A. From that point up until the present, counsel regularly corresponded, including in advance of the parties' mediation on February 15, 2023. *See id.* The parties were unable to settle the case in mediation.

On March 9, 2023, counsel for the Tribes informed Vanir's counsel that Plaintiffs had sued Vanir and had attempted to serve process on its registered agent in California. *See id.* On March 7, the process server had left the documents not with Vanir's registered agent, but with an assistant to the registered agent, and so Plaintiffs' counsel requested a stipulation that service on the assistant constituted proper service. *See id.* Counsel for both parties exchanged emails the following day, March 10, regarding this issue and the scheduled April 12 hearing in this matter. *See id.* Vanir's counsel informed Plaintiffs' counsel on Friday, March 10, that he first needed to confer with his client concerning the requested stipulation and would get back to Plaintiffs' counsel with the answer. *See id.*

On Tuesday, March 14, before receiving Vanir's response to Plaintiffs' request for a stipulation, Plaintiffs moved the Chief Judge for authorization to serve summons by publication in the *Sacramento Bee* or the *Sacramento Gazette*.[2] *See id.* Plaintiffs wrote that "[w]hile the Tribes maintain that service on Vanir's Idaho registered agent is effective service, the Tribes desire to serve Vanir's California agent to ensure effective service in both Idaho and California." *Id.* at 2.

---

[2] The Code only authorizes service by publication through written notice once a week for two consecutive weeks prior to the hearing in the *Sho-Ban News*. *See* § 4-1-26. If Plaintiffs consider service to be by publication, then the period for Vanir to respond has not yet passed. *See id.* ("The hearing date shall thus not be scheduled sooner than ten days after the date of the last publication of said notice.")

Without informing Vanir, on March 23 Plaintiffs filed their Motion for Entry of Default. The Tribal Court Clerk entered default on March 24. Vanir, unaware of the entry of default, on March 27 entered a formal appearance with the Court and filed a motion to dismiss the Complaint, which was 20 days after the March 7 (defective) service on Vanir's California Agent's assistant. *See* Watkins Decl. ¶ 2. The following day, March 28, counsel for Vanir learned for the first time of the default entry when David Archuleta delivered a copy of the motion to dismiss to Bill Bacon. *See id.* ¶ 2 and Ex. A.

On March 29, Vanir's counsel requested that Plaintiffs lift the default.[3] *Id.* Ex. A. On March 30, Plaintiffs' counsel declined. *Id.* This motion follows.

**LEGAL STANDARD**

Section 4-1-77(a) of the Code provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the Clerk shall enter his default." However, the Tribal Court will set aside a default entry "[f]or good cause shown." Code § 4-1-77(c).

The required "good cause" to set aside a clerk's entry of default is "lower or more lenient" than that required to set aside entry of a default *judgment. See McFarland v. Curtis*, 123 Idaho 931, 936, 854 P.2d 274, 276 (Ct. App. 1993); *see also Olson v. Kirkham*, 111 Idaho 34, 36,

---

[3] Stoel Rives has "been representing Vanir since November 2021 and have had regular emails, phone calls, and mediation proceedings with you [Paul Echo Hawk], Andrew [Gabel], and Bill [Bacon] that entire time, including since the filing of the Tribes' complaint. Andrew asked me on March 9 if Vanir would agree that service on the California registered agent's assistant counted as valid service. On March 10 I told Andrew that I would check with Vanir and get back to him. That was a Friday. Two business days later, on Tuesday, March 14, before I had a chance to speak with my client and get back to you all, you filed a motion to serve via publication in California…I have never once said that I was not representing Vanir. I even asked you what we would be talking about during the April 12 hearing and you responded that it would most likely be a status/scheduling conference. Given all that, I'm struggling to understand how you could have thought that Vanir was unrepresented and did not intend to appear and defend itself….As Vanir has officially appeared and responded to the complaint I do not see any good faith basis for you not stipulating to withdrawal the default….Will you agree to preserve the parties' and Court's resources by lifting the default, or will you require the time and expense of briefing the issue? Please let me know."

720 P.2d 217, 219 (1986) ("entry of default by the clerk and entry of judgment by default are two distinctly different acts"). "This more lenient approach in setting aside a default, as opposed to a default judgment, is consistent with an application of the policy that cases should be decided on the merits." *Dorion v. Keane*, 153 Idaho 371, 375 283 P.3d 118 (Ct. App. 2012); *see also id.* at 373 ("Because judgments by default are not favored, a trial court should grant relief in doubtful cases in order to decide the case on the merits.") (citing *Cuevas v. Barraza*, 146 Idaho 511, 518, 198 P.3d 740 (Ct. App. 2008)).

"One of the requirements of good cause is the showing of a meritorious defense." *Bach v. Miller*, 148 Idaho 549, 553, 224 P.3d 1138 (2010); *McFarland*, 123 Idaho at 934 ("[P]arties moving to set aside the entry of default must also allege facts which would constitute a defense to the action."). "Other primary considerations of good cause include whether the default was willful, and whether setting aside the default would prejudice the opponent." *Dorion*, 153 Idaho at 374.

## ARGUMENT

**A.     Good Cause Exists for Setting Aside the Entry of Default Because Vanir Has a Meritorious Defense.**

Vanir's defense to Plaintiffs' complaint is not without merit. "The meritorious defense requirement is a pleading requirement, not a burden of proof." *Dorion*, 153 Idaho at 374 (reversing lower court's denial of motion to set aside default judgment since defendants "had presented plausible defenses" that they did not have a contract with plaintiffs and that claims were barred by statute of frauds). The movant does not need to present evidence, nor does the Court need to find that the defenses would be successful in order to conclude there is a meritorious defense. *Id.*

As set forth in more detail in Vanir's Motion to Dismiss, Vanir has a meritorious defense because Plaintiffs are not proper parties to this litigation. Plaintiff's Complaint includes four claims: (1) negligence, (2) breach of contract, (3) indemnification, and (4) quantum meruit/unjust enrichment. But all four of those claims are rooted in a contract to which Plaintiffs are not a party. In 2019, the relevant contract was amended so that it would be between Vanir and the Shoshone-Bannock Tribal Attorney's Office—not with either of the Plaintiffs. *See* Motion to Dismiss and Memorandum in Support at 4. Plaintiffs' claims and allegations are replete with references that make it clear their lawsuit is all about that contract. *See, e.g.*, Complaint ¶ 29 (negligence claim alleges duties owed "[i]n accordance with its contract"); *id.* ¶ 36 (breach of contract claim alleges "Vanir breached the July 14, 2015, Agreement, as amended, by failing to perform its contractual duties"); *id.* ¶ 42 (indemnification claim alleges that the "Vanir Agreement contains an indemnification clause. Pursuant to the indemnification clause, Vanir is contractually required to indemnify and hold the Tribes harmless."); ¶ 46 (quantum meruit/unjust enrichment claim based on amount paid to Vanir under the contract).

Vanir more than satisfies the meritorious defense consideration. While Vanir need not be successful in its motion, it has provided ample reason for the Court to set aside the entry of default and decide the issue on the merits.

**B.     Any Default Was Not Willful Because Vanir's Counsel Was Unaware that Plaintiffs Had Potentially Effectuated Service.**

Vanir's counsel has been working with Plaintiffs' counsel on this dispute for more than a year. Once the lawsuit was filed, between March 9-10, 2023, counsel exchanged multiple emails discussing a stipulation of service on Vanir's registered agent's assistant. *See* Watkins Decl. Ex. A. The parties, through counsel, also discussed the contours of the upcoming April 12 hearing.

*Id.* But before Vanir's counsel could hear back from the client—there was a weekend in the middle of all of this—on March 14 Plaintiffs moved to serve via publication in California.

Until it received the Entry of Default from Plaintiffs' counsel on March 28, Vanir's counsel was not aware that Plaintiffs considered service to have been effectuated. To the contrary, Plaintiffs' counsel's actions—requesting a stipulation on March 9 that service was proper, negotiating with Vanir's counsel, seeking service by publication on March 14—led Vanir to believe that service had not been completed. Vanir's failure to respond to the Complaint before the purported March 22 deadline was neither done willfully or with indifference.

In the context of considering whether a default *judgment* should be lifted, the court in *Johnson v. Pioneer Title Co.*, 104 Idaho 7272, 733 (1983) concluded:

> Undoubtedly, Pioneer's manager could have acted more prudently by delivering the summons and complaint immediately to Pioneer's attorneys. However, this does not compel a conclusion that he acted so imprudently that relief should be denied. In determining whether to set aside a default judgment, we must apply a standard of liberality rather than strictness and give the party moving to vacate the default the benefit of a genuine doubt. In view of the confusion which existed, we cannot say that Pioneer was guilty of indifference or deliberate delay in failing to answer the complaint.

The Court should reach a similar conclusion here, particularly because it must apply the "more lenient" standard for setting aside a clerk's entry of default. There was nothing "willful" about any delayed response by Vanir, and therefore the Entry of Judgment should be set aside.

## C. Setting Aside the Entry of Default Would Not Prejudice Plaintiffs.

Plaintiffs would suffer no prejudice here. "[A]t the earlier stage of entry of default, where no judgment has been entered, a liberal approach is less likely to create unfair prejudice to the non-moving party." *Dorion*, 153 Idaho at 375 (citing *McFarland*, 123 Idaho at 936, 854 P.2d at 279). "[T]o be prejudicial," even a default *judgment* "must result in greater harm than simply

delaying resolution of the case." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d, 701 (9th Cir. 2001) (overruled on other grounds by *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001)).

According to Plaintiffs, they served Vanir on March 2 and so a response would have been due March 22. *See* Motion for Entry of Default. Plaintiffs submitted their Motion for Entry of Default on March 23, and the clerk entered the default on March 24. Three days later, on March 27, Vanir filed its Motion to Dismiss, and the Court granted Vanir's counsel's motion to be admitted *pro hac vice*. Plaintiffs would suffer no prejudice by a delay of (at most) a few days.

## CONCLUSION

For the reasons set forth above, Vanir respectfully asks the Court to set aside the entry of default.

DATED: March 31, 2023

/s/ Elijah M. Watkins
Elijah M. Watkins
David J. Archuleta

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 31, 2023, I served a true and correct copy of the foregoing document upon the following named parties by the method indicated below, and addressed to the following:

| | |
|---|---|
| Paul C. Echo Hawk<br>ECHO HAWK LAW OFFICE<br>P.O. Box 4166<br>Pocatello, ID 83205<br><br>*Attorneys for Plaintiffs* | ___ Via Facsimile<br>___ U.S. Mail<br>_x_ Via Email<br>___ Via iCourt efile & Serve |

                                                */s/ Elijah M. Watkins*
                                                Elijah M. Watkins

MOTION TO SET ASIDE ENTRY OF DEFAULT - 9
119048664.1 0076321-00001

# DEFENDANT'S EXHIBIT "A"

## RE: Shoshone-Bannock Tribes v. Vanir Construction Management [SR-ACTIVE.FID5311448]

**Watkins, Elijah M.** <elijah.watkins@stoel.com>
Thu 3/30/2023 4:38 PM
To: Paul Echo Hawk <paul@echohawklaw.com>
Cc: Carone, Cory M. <cory.carone@stoel.com>;Andrew J. Gabel <GabelA@LanePowell.com>;Bill Bacon <bbacon@sbtribes.com>;Bieter, Mark L. <mark.bieter@stoel.com>

Paul

Looks like we disagree on the facts. Vanir will move to lift the clerk's entry of default and will keep its motion to dismiss in place, including its defense that the wrong party is named in the complaint.

Thanks

Elijah Watkins | Partner
Direct: (208) 387-4275 | Mobile: (208) 340-2341

**From:** Paul Echo Hawk <paul@echohawklaw.com>
**Sent:** Thursday, March 30, 2023 3:39 PM
**To:** Watkins, Elijah M. <elijah.watkins@stoel.com>
**Cc:** Carone, Cory M. <cory.carone@stoel.com>; Andrew J. Gabel <GabelA@LanePowell.com>; Bill Bacon <bbacon@sbtribes.com>
**Subject:** Re: Shoshone-Bannock Tribes v. Vanir Construction Management [SR-ACTIVE.FID5311448]

Elijah,

You informed us you were not authorized to accept service for Vanir. Until your pro hac application was granted you were not authorized to practice in Tribal Court or represent Vanir in the Tribal Court case. Vanir was validly served in Idaho on the registered agent and did not respond within the 20 day period. It is not our responsibility to notify Vanir or you of service. Default was properly entered because of Vanir's lack of timely response. We do not agree to set aside the default.

As far as expending resources, this is a disappointing comment considering your client refused to allow you to accept service. This is a basic courtesy that your client refused, and it caused additional resources to be expended by our client. You also never notified us that Vanir intended on moving to dismiss based on an argument that the wrong entity filed suit against Vanir. While we completely disagree with your position and believe it will be denied by the Court, it appears this was an attempt of gamesmanship on your part.

In the interest of moving ahead towards resolution of this case, we would consider stipulating to withdrawal of the default if Vanir will agree to: 1) withdraw the motion to dismiss, 2) stipulate that Vanir has been validly served, and 3) agree that the proper parties are named as Plaintiffs in this case. We would not object to your re-filing the motion to dismiss on the other grounds you have in the motion to dismiss (indemnification and quantum meruit/unjust enrichment). As far as the wrong entity filing suit, this argument has no merit and is a needless distraction. The Tribal Legal Office is a department with the Shoshone-Bannock Tribes and controlled by the Fort Hall Business Council.

Paul C. Echo Hawk

ECHO HAWK LAW OFFICE
P.O. Box 4166
Pocatello, Idaho 83205
Telephone: (208) 705-9503
Facsimile: (208) 904-3878

Email: paul@echohawklaw.com

CONFIDENTIALITY NOTICE: This e-mail is intended only for the personal and confidential use and may contain information that is privileged, confidential, and/or protected from disclosure under applicable law including, but not limited to, the attorney client privilege and/or work product doctrine. If you are not the intended recipient of this transmission, please notify the sender immediately. Do not deliver, distribute, or copy this transmission, disclose its contents or take any action in reliance on the information it contains.

On Mar 29, 2023, at 11:34 AM, Watkins, Elijah M. <elijah.watkins@stoel.com> wrote:

Paul

I've been representing Vanir since November 2021 and have had regular emails, phone calls, and mediation proceedings with you, Andrew, and Bill that entire time, including since the filing of the Tribes' complaint. Andrew asked me on March 9 if Vanir would agree that service on the California registered agent's assistant counted as valid service. On March 10 I told Andrew that I would check with Vanir and get back to him. That was a Friday. Two business days later, on Tuesday, March 14, before I had a chance to speak with my client and get back to you all, you filed a motion to serve via publication in California. In that motion or otherwise you never alerted the Court or me that you believed you had already effectuated service on an Idaho registered agent, and I have never received any complaint or notice of service from any Idaho agent.

I have never once said that I was not representing Vanir. I even asked you what we would be talking about during the April 12 hearing and you responded that it would most likely be a status/scheduling conference. Given all that, I'm struggling to understand how you could have thought that Vanir was unrepresented and did not intend to appear and defend itself? As you know Vanir filed a motion to dismiss 3 days after entry of default (as it was unaware that default had been entered) and the Court granted my PHV that same day. As Vanir has officially appeared and responded to the complaint I do not see any good faith basis for you not stipulating to withdrawal the default.

Will you agree to preserve the parties' and Court's resources by lifting the default, or will you require the time and expense of briefing the issue? Please let me know.

Thanks

Elijah Watkins | Partner
Direct: (208) 387-4275 | Mobile: (208) 340-2341

From: Paul Echo Hawk <paul@echohawklaw.com>
Sent: Tuesday, March 28, 2023 6:06 PM
To: Watkins, Elijah M. <elijah.watkins@stoel.com>
Cc: Carone, Cory M. <cory.carone@stoel.com>; Andrew J. Gabel <GabelA@LanePowell.com>; Bill Bacon <bbacon@sbtribes.com>
Subject: Re: Shoshone-Bannock Tribes v. Vanir Construction Management [SR-ACTIVE.FID5311448]

Elijah and Cory,

See attached Motion for Entry of Default and Entry of Default file-stamped March 24th. Vanir's motion to dismiss and notice of appearance were filed on March 27th. Because Vanir's

motion/appearance was filed after the 20 day period to answer/appear/respond and after default was entered, we do not agree the default is subject to withdrawal.

As you know, you refused our repeated requests that you accept service on behalf of Vanir. We served Vanir's Idaho registered agent directly—based on your statements that you were not authorized to accept service for Vanir. Today I received a copy of the order granting admission pro hac vice, so we will of course serve you copies of filings going forward.

Paul C. Echo Hawk

ECHO HAWK LAW OFFICE
P.O. Box 4166
Pocatello, Idaho 83205
Telephone: (208) 705-9503
Facsimile: (208) 904-3878
Email: paul@echohawklaw.com

CONFIDENTIALITY NOTICE: This e-mail is intended only for the personal and confidential use and may contain information that is privileged, confidential, and/or protected from disclosure under applicable law including, but not limited to, the attorney client privilege and/or work product doctrine. If you are not the intended recipient of this transmission, please notify the sender immediately. Do not deliver, distribute, or copy this transmission, disclose its contents or take any action in reliance on the information it contains.

On Mar 28, 2023, at 5:37 PM, Watkins, Elijah M. <elijah.watkins@stoel.com> wrote:

Paul – was Vanir's motion to dismiss filed before the Tribes' default? I think that would make it moot and subject to withdrawal. Would you agree?

As always, happy to jump on a call and talk through these issues.

Thanks

Elijah Watkins | Partner
Direct: (208) 387-4275 | Mobile: (208) 340-2341

From: Carone, Cory M. <cory.carone@stoel.com>
Sent: Tuesday, March 28, 2023 5:34 PM
To: Paul Echo Hawk <paul@echohawklaw.com>
Cc: Watkins, Elijah M. <elijah.watkins@stoel.com>; Andrew J. Gabel <GabelA@LanePowell.com>
Subject: RE: Shoshone-Bannock Tribes v. Vanir Construction Management [SR-ACTIVE.FID5311448]

Hi Paul,

Our local counsel, David Archuleta, advised that Bill Bacon told him you had filed a motion for default. Can you please send us a copy of what you filed? As you know from mediation and the below emails, Elijah and I are representing Vanir in this matter. We'd appreciate it if you email to us all filings, and we'll do the same for you. On that note,

we filed a motion to dismiss yesterday. A physical copy was served on Bill yesterday, and we will email you the stamped version as soon as we have it.

Also, my understanding is that you sent the attached to our client. To be clear, Vanir is a represented party and you do <u>not</u> have permission to contact our client directly.

Please let us know if you'd like to discuss any of the above.

Best,
Cory

Cory Carone | Attorney
Direct: (208) 387-4210 | Mobile: (248) 736-7575

**From:** Paul Echo Hawk <paul@echohawklaw.com>
**Sent:** Friday, March 10, 2023 10:00 AM
**To:** Andrew J. Gabel <GabelA@LanePowell.com>
**Cc:** Watkins, Elijah M. <elijah.watkins@stoel.com>; Carone, Cory M. <cory.carone@stoel.com>
**Subject:** Re: Shoshone-Bannock Tribes v. Vanir Construction Management

I expect the 4/12 10am Tribal Court hearing will be a status/scheduling conference.

Paul C. Echo Hawk

ECHO HAWK LAW OFFICE
P.O. Box 4166
Pocatello, Idaho 83205
Telephone: (208) 705-9503
Facsimile: (208) 904-3878
Email: paul@echohawklaw.com

CONFIDENTIALITY NOTICE: This e-mail is intended only for the personal and confidential use and may contain information that is privileged, confidential, and/or protected from disclosure under applicable law including, but not limited to, the attorney client privilege and/or work product doctrine. If you are not the intended recipient of this transmission, please notify the sender immediately. Do not deliver, distribute, or copy this transmission, disclose its contents or take any action in reliance on the information it contains.

> On Mar 10, 2023, at 9:37 AM, Gabel, Andrew J. <GabelA@LanePowell.com> wrote:
>
> I'll let Paul weigh in on the hearing. I think it's an initial status conference.
>
> <image001.jpg>
> **ANDREW J. GABEL**
> **Shareholder** Bio | vCard
> gabela@lanepowell.com

D 206.223.7026  C 206.499.5238
LANEPOWELL.COM

**From:** Watkins, Elijah M. <elijah.watkins@stoel.com>
**Sent:** Friday, March 10, 2023 8:35 AM
**To:** Gabel, Andrew J. <GabelA@LanePowell.com>
**Cc:** Carone, Cory M. <cory.carone@stoel.com>;paul@echohawklaw.com
**Subject:** RE: Shoshone-Bannock Tribes v. Vanir Construction Management

> **CAUTION:** This is an external email. **STOP and THINK.** Do **NOT** click links or open attachments unless you are certain the content is safe.

Understood. I'm meeting with my client this afternoon and will check.

Any idea what the hearing on April 12 is about?

Elijah Watkins | Partner
Direct: (208) 387-4275 | Mobile: (208) 340-2341

**From:** Gabel, Andrew J. <GabelA@LanePowell.com>
**Sent:** Friday, March 10, 2023 9:31 AM
**To:** Watkins, Elijah M. <elijah.watkins@stoel.com>
**Cc:** Carone, Cory M. <cory.carone@stoel.com>;paul@echohawklaw.com
**Subject:** RE: Shoshone-Bannock Tribes v. Vanir Construction Management

The declaration says it served the Registered Agent by serving an authorized agent of the Registered Agent. We want to make sure Vanir does not contest that as improper service and that is why we requested a stipulation.

<image001.png>
**ANDREW J. GABEL**
**Shareholder** Bio | vCard
gabela@lanepowell.com
D 206.223.7026  C 206.499.5238
LANEPOWELL.COM

**From:** Watkins, Elijah M. <elijah.watkins@stoel.com>
**Sent:** Friday, March 10, 2023 8:27 AM
**To:** Gabel, Andrew J. <GabelA@LanePowell.com>
**Cc:** Carone, Cory M. <cory.carone@stoel.com>;paul@echohawklaw.com
**Subject:** RE: Shoshone-Bannock Tribes v. Vanir Construction Management

> **CAUTION:** This is an external email. **STOP and THINK.** Do **NOT** click links or open attachments unless you are certain the content is safe.

Andrew

Thanks for reaching out. I'm a little confused as the return of service says they served the registered agent personally. Is that not correct?

Elijah Watkins | Partner
Direct: (208) 387-4275 | Mobile: (208) 340-2341

**From:** Gabel, Andrew J. <GabelA@LanePowell.com>
**Sent:** Thursday, March 9, 2023 9:39 AM
**To:** Watkins, Elijah M. <elijah.watkins@stoel.com>
**Cc:** Carone, Cory M. <cory.carone@stoel.com>;paul@echohawklaw.com
**Subject:** Shoshone-Bannock Tribes v. Vanir Construction Management

Elijah,

SBT filed suit against Vanir. Please find attached courtesy copies of the Complaint, Summons and Notice of Hearing, Order Authorizing Service, and Declaration of Service.

We attempted service on Vanir's registered agent in California. The process server was not allowed in the building. When the server contacted by phone Vanir's headquarters, the executive assistant for the registered agent explained that she could come down and accept service. Will Vanir stipulate that service on the executive assistant is proper service of the summons and complaint? Please advise as we want to avoid further attempts, including service by publication.

Best regards,

Andrew

<image001.png>
**ANDREW J. GABEL**
**Shareholder** Bio | vCard
gabela@lanepowell.com
D 206.223.7026  C 206.499.5238
LANEPOWELL.COM

This message is private or privileged. If you are not the person for whom this message is intended, please delete it and notify me immediately, and please do not copy or send this message to anyone else.


This message is private or privileged. If you are not the person for whom this message is intended, please delete it and notify me immediately, and please do not copy or send this message to anyone else.

This message is private or privileged. If you are not the person for whom this message is intended, please delete it and notify me immediately, and please do not copy or send this message to anyone else.