# Exhibit H

Exhibit H

Thomas A. Larkin, ISB #6920
tlarkin@lawssl.com
Jesse C. Ormond, ISB #10273
jormond@lawssl.com
STEWART SOKOL & LARKIN LLC
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
Telephone: (503) 221-0699
Facsimile: (503) 223-5706

*Attorneys for Claimant Ormond Builders, Inc.*

AMERICAN ARBITRATION ASSOCIATION

CONSTRUCTION INDUSTRY ARBITRATION TRIBUNAL

| | |
|---|---|
| ORMOND BUILDERS, INC., an Idaho corporation,<br><br>       Claimant,<br><br>  v.<br><br>SHOSHONE-BANNOCK TRIBES, Native American Tribes,<br><br>       Respondents. | Case No. 01-18-0000-3461<br><br>**FIRST AMENDED STATEMENT OF CLAIMS** |

Claimant Ormond Builders, Inc. ("Ormond") alleges as follows:

**COMMON ALLEGATIONS**

**The Parties**

1. Ormond is an Idaho corporation with its principal place of business located in Idaho Falls, Idaho. Ormond is a general contractor that specializes in complex commercial and industrial construction projects.

2. Respondents Shoshone-Bannock Tribes of the Fort Hall Indian Reservation ("SBT" or "Owner") are Native American Tribes recognized by the United States of America under the Indian Reorganization Act of June 18, 1934 (48 Stat., 984) residing, in part, on the Fort Hall Reservation within the State of Idaho.

1 - FIRST AMENDED STATEMENT OF CLAIMS

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

## The Project

3.  This action arises out of a construction project commonly known as the Shoshone-Bannock Tribes Casino Expansion Phase II ("Project") located on the Fort Hall Reservation.

4.  SBT owns the Project.

5.  Ormond served as the original general contractor for the Project.

6.  Travelers Casualty and Surety Company of America, as surety, and Ormond, as principal, posted a performance bond to SBT, as obligee, in connection with the Project.

7.  On April 3, 2018, SBT took the extreme, severe and drastic action of delivering a stated Section 9.01 A notice of termination for alleged cause ("Notice of Termination") to Ormond concerning the Project. SBT's Notice of Termination was improvident and wrongful. Under the parties' contract and applicable law, SBT's wrongful Notice of Termination should be deemed and operate as a termination for convenience for the purpose of recovery and entitlement. Under the parties' contract and applicable law, SBT's wrongful Notice of Termination entitles Ormond to its damages, costs, overhead and profit arising before and from the wrongful termination, together with interest, attorney fees and expenses. Under the parties' contract and applicable law, SBT's wrongful Notice of Termination precludes SBT from recovery of any purported liquidated damages, completion costs or expenses to correct Project work because SBT wrongfully terminated Ormond's right to complete Project work.

8.  Ormond reserves the right to bring additional claims arising out of the Project in accordance with the dispute resolution provisions of the Contract and/or seek consolidation of such arbitration proceedings and/or joinder of necessary parties to this action.

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

## The Contract

9. The Project is a traditional design – bid – build construction project. Before the Project bid date of August 18, 2016, SBT provided the design, drawings, engineering, plans, specifications and other pre-bid documentation to Ormond for review in connection with Ormond's bid to construct the Project. SBT represented to Ormond that the design, drawings, engineering, plans, specifications and other pre-bid documentation were 100% Construction Documents that were accurate, complete and sufficient to construct the represented work.

10. Ormond relied on SBT's representations and pre-bid documents when preparing its bid and determining the means and methods for construction of the Project. Ormond further relied on SBT's representations and pre-bid documents when determining the time and cost required for construction of the Project. On August 18, 2016, Ormond submitted, and SBT accepted, a lump sum bid for the Project based on SBT's pre-bid representations and design documentation.

11. On September 12, 2016, SBT and Ormond entered into a contract ("Contract") in the original amount of $35,984,051.00 for construction of the Project. Ormond's bid and Contract relied on SBT's pre-bid representations, design, drawings, engineering and plans and specifications. On November 22, 2016, SBT and Ormond entered into a Payment and Performance Bond Agreement that modified certain terms in the Contract concerning, in part, jurisdiction for any potential dispute.

12. At all times material to this action, SBT impliedly warranted that the pre-bid design, drawings, engineering, plans and other Contract Documents were accurate, adequate and complete. SBT further impliedly warranted that an acceptable result would follow if the Contract Documents were executed in accordance with the as-bid design. SBT further impliedly warranted that SBT would facilitate Ormond's

3 - FIRST AMENDED STATEMENT OF CLAIMS

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

performance and not hinder or delay completion of the Contract work.

13. At all times material to this action, SBT impliedly warranted that it would fairly and properly administer the Contract and that it would not deny valid requests for time extensions. SBT further impliedly warranted that it would cooperate and not delay, hinder or interfere with Ormond's performance of the Contract. SBT further promised – under the Contract and an implied warranty – that SBT would promptly, timely and adequately respond to Project communications and process Contract Documents, including without limitation Requests for Information, Contract Change Proposals, Submittals, Field Authorizations, Change Orders and related Contract communications and/or Contract Documents.

## Owner's Defective Design

14. Contrary to SBT's pre-bid representations, SBT's design and Contract Documents were defective and deficient in many respects. For example, SBT's design included conflicting design components for multiple systems; absent, incomplete and/or inadequate design for other systems; and design components that were not properly vetted with Authorities Having Jurisdiction before the Project bid. These and other design deficiencies substantially delayed Ormond and the Project. Further, these and other design deficiencies caused SBT to issue multiple design changes via a "design on the fly" process and direct Ormond to perform substantial extra-Contract and changed work.

15. SBT, rather than acknowledging its responsibility and working cooperatively with Ormond, directed Ormond to proceed with construction work outside of the plans and specifications and otherwise actively interfered with and hindered Ormond's work. These impacts continued through SBT's wrongful Notice of Termination.

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

## Owner's Maladministration of the Contract

16. SBT, on identification of its deficient design, should have corrected and completed its design with appropriate adjustments to the Contract Sum and Contract Time in accordance with the Contract.

17. SBT elected, however, to create a hostile work environment and culture of deception to attempt to avoid responsibility for its deficient design.

18. Among SBT's abusive practices, SBT employed a "design-on-the fly" process to issue comprehensive design changes without acknowledging attendant impacts to Contract Sum and Contract Time. SBT directed Ormond to perform tremendous extra-Contract work without compensation or time adjustments. SBT refused to acknowledge its material and cardinal changes to the Project while expecting Ormond to absorb impacts from SBT's deficient design.

19. Among SBT's abusive practices, SBT mischaracterized industry-standard Contract Documents in a wrongful attempt to impose extra-Contract responsibilities on Ormond. For example, SBT would attempt to "sneak in" substantial design changes via Architect's Supplemental Instructions without industry-standard bubble and summary notations. Similarly, SBT would issue material design changes via answers to Requests for Information or Field Authorizations rather than delivery methods required under the Contract. Further, SBT issued "unilateral change orders" and "block of time contract change proposals" – documents that do not exist under the Contract – and otherwise refused to process Contract Documents into Change Orders (another industry-standard practice required under the Contract) for directed extra-Contract work.

20. Among SBT's abusive practices, SBT attempted to blur Project roles and responsibilities to distract the Project community from SBT's design failures. SBT's construction manager repeatedly refused to answer Ormond's request for definition of

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

project construction administration roles (another industry-standard practice required under the Contract). Further, SBT's construction manager and architect abused the submittal and shop drawing processes to excuse SBT's deficient design and attempt to transfer design-responsibility to Ormond.

21. Among SBT's abusive practices, SBT refused to acknowledge, mitigate or control the Tribal Employment Rights Ordinance ("TERO") department's material extra-Contract impacts to Ormond and the Project.

22. Among SBT's abusive practices, SBT refused to acknowledge and respond to Ormond's Project communications. SBT and its agents were and continue to be non-responsive to material Project Communications and Contract Documents.

23. SBT refused to fairly and properly administer the Contract. SBT refused to cooperate in the performance of the Contract. SBT knowingly and actively delayed, hindered and interfered with Ormond's performance of the Contract. By way of example, and without limitation, SBT inundated Ormond with modifications to the as-contracted scope of Work and failed to furnish necessary revisions to the plans and specifications. Further, SBT refused to respond to Project communications or timely administer the Contract.

## Owner's Wrongful Termination of the Contract

24. Rather than acknowledging or performing its responsibilities and working cooperatively with Ormond to construct the Project, SBT secretly arranged to wrongfully terminate the Contract.

25. Rather than curing SBT's multiple material breaches of the Contract, including resolution of SBT's long-outstanding contract administration and design failures required to advance the Project, SBT delivered to Ormond a wrongful Notice of Termination on April 3, 2018.

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

26. Rather than acknowledging or performing its responsibilities and working cooperatively with Ormond to construct the Project, SBT delivered to Ormond a wrongful Notice of Termination on April 3, 2018.

27. SBT's Notice of Termination was improvident and wrongful. SBT's wrongful Notice of Termination constitutes a further material breach of the Contract and various implied covenants, including the covenant of good faith and fair dealing.

28. SBT's wrongful Notice of Termination substantially damaged Ormond's reputation in the marketplace.

29. SBT's wrongful Notice of Termination substantially decreased Ormond's bonding capacity.

30. SBT's wrongful Notice of Termination entitles Ormond to its damages, costs, overhead and profit arising before and from SBT's wrongful termination in an amount to be determined at Hearing.

31. SBT's wrongful Notice of Termination entitles Ormond to damages arising from Ormond's decreased bonding capacity in an amount to be determined at Hearing.

32. SBT's wrongful Notice of Termination precludes SBT's recovery of any purported liquidated damages, completion costs or expenses to correct Project work (if any) because SBT terminated Ormond's right to complete the Project work.

## Ormond's Prior Claims

33. Before SBT's wrongful Notice of Termination, Ormond filed the above-captioned and related arbitration demands against SBT concerning Owner's material breaches of the Contract and demands for extra-Contract work without recognizing attendant impacts to Contract Sum and Time. Related claims include without limitation SBT-directed extra-Contract work for L900 Series Custom Light Fixtures and Sprayed Fire Resistive Materials on the Project. Related claims include extra-Contract Sum and

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

Time impacts related to SBT's noncompliant "block of time contract change proposals" and Final Offers. Related claims include declaratory relief for SBT's wrongful declaration of default on the Project.

34. Under the Contract and applicable law, SBT's wrongful termination converted certain of Ormond's damages to a total-cost recovery claim.

35. Under the Contract and applicable law, Ormond is entitled to recover its damages, costs, overhead and profit arising before and from SBT's wrongful termination in an amount to be determined at Hearing.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment)

36. Ormond re-alleges and incorporates paragraphs 1 – 35 above.

37. During construction, SBT embarked on an undisclosed plan to wrongfully terminate Ormond's right to complete the Contract Work.

38. SBT, in furtherance of its wrongful conduct, issued a wrongful Notice of Termination.

39. Ormond is entitled to a declaratory judgment interpreting the Contract and declaring that (1) SBT's Termination for Default was wrongful and is deemed and converted to a termination for convenience; (2) SBT cannot recover its purported liquidated damages, completion costs or expenses to correct Project work (if any) because SBT terminated Ormond's right to complete the Project work; and (3) Ormond is entitled to its damages, costs, overhead and profit arising before and from SBT's wrongful termination.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract)

40. Ormond re-alleges and incorporates paragraphs 1 – 39 above.

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

41.     Ormond complied with its obligations under the Contract and all conditions or conditions precedent on its part have been satisfied or waived.

42.     SBT materially breached the Contract when directing Ormond to perform substantial extra-Contract work while refusing to compensate Ormond for the same and by breaching its express and implied contractual obligations referenced herein. SBT further materially breached the Contract by issuing its wrongful Notice of Termination.

43.     As a direct, proximate and foreseeable result of SBT's breaches, Ormond suffered damages in an amount to be proven at Hearing, together with interest, attorney fees and costs.

## THIRD CLAIM FOR RELIEF

**(Breach of Implied Warranty of Adequacy of Plans and Specifications; Breach of Implied Duty to Not Hinder, Delay or Interfere with the Timely Completion of the Work; Breach of Implied Duty to Timely Review Contractor Submittals and Requests; Breach of Implied Duty Not to Deny Valid Requests for Time Extensions)**

44.     Ormond re-alleges and incorporates paragraphs 1 – 43 above.

45.     Under the Contract, SBT was solely responsible for design and engineering activities for the Project. Under the Contract and law, SBT was solely responsible to provide plans and specifications that were adequate, complete and sufficient to allow Ormond to construct the Project as intended when the Project was bid. At the time that SBT accepted Ormond's bid and awarded the Contract, SBT impliedly warranted the adequacy, sufficiency and completeness of the plans and specifications for purposes of bidding and constructing the Project.

46.     SBT's plans, specifications, drawings and other Contract Documents were, in fact, inadequate, inaccurate and incomplete. Further, SBT failed to timely

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

remedy the defective plans and specifications, all of which constitute material and substantial breaches of the implied warranty of the adequacy of plans and specifications. SBT further breached its implied duties as set forth herein.

47. As a direct, proximate and foreseeable result of SBT's breaches of the implied warranty of the adequacy of the plans and specifications, as well as SBT's breaches of its other implied duties referenced herein, Ormond suffered damages in an amount to be proven at Hearing, together with interest, attorney fees and costs.

## FOURTH CLAIM FOR RELIEF

**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

48. Ormond re-alleges and incorporates paragraphs 1 – 47 above.

49. By operation of law, the parties' Contract included an implied obligation of good faith and fair dealing, which required SBT to act in a manner so as to effectuate (and to not impede) Ormond's reasonable expectations and benefits under the Contract.

50. Ormond complied with its obligations of good faith and fair dealing in connection with the Contract and Project.

51. SBT significantly and materially breached the implied covenant of good faith and fair dealing to Ormond's detriment. SBT's breaches include, among other actions, SBT's failure to timely and properly administer, address and respond to design issues, changes and Contract Change Proposals; its refusal to grant reasonable time extensions and to compensate Ormond for its extra-Contract work directed by SBT; its abuse of traditional design communications to wrongfully attempt to transfer design risk to Ormond; its after-the-fact attempts to fabricate reasons to "blame" Ormond for SBT-caused Project issues and delays; its failure and refusal to answer project communications; its issuance of a wrongful Notice of Termination; and general failure and refusal to provide information to Ormond and to negotiate or deal in good faith.

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

52. As a direct, proximate and foreseeable result of SBT's breaches of the implied covenant of good faith and fair dealing, Ormond suffered damages in an amount to be proven at Hearing, together with interest, attorney fees and costs.

## FIFTH CLAIM FOR RELIEF

### (*Quantum Meruit* / Reasonable Value)

53. Ormond re-alleges and incorporates paragraphs 1 – 52 above.

54. Ormond, at the request of SBT and/or SBT's agents, furnished and/or installed services, labor, material and equipment in the course of performing construction work, all of which were incorporated for the benefit of SBT and the Project. The reasonable value of the work performed by Ormond far exceeds the amounts that SBT paid Ormond for that work.

55. SBT was at all times aware of the benefits Ormond's extra-Contract work conferred.

56. As an alternative claim for relief, Ormond is entitled to recover, on the basis of the equitable doctrine of quantum meruit and in order to avoid unjust enrichment, the full, fair and reasonable value of the work it performed, together with reasonable overhead and profit. Ormond is further entitled to attendant time impacts and its requested schedule extensions for the Project.

## PRAYER FOR RELIEF

WHEREFORE, Ormond prays for an Award against SBT concerning the foregoing as follows:

1. For a declaration that SBT's Termination for Default was wrongful and is deemed a termination for convenience;

2. For a declaration that SBT cannot recover its purported liquidated damages, completion costs or expenses to correct Project work because SBT

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

terminated Ormond's right to complete Project work;

3. For a monetary Award against SBT in an amount to be proven at Hearing;

4. For Ormond's attorney fees and costs;

5. For pre- and post-judgment interest, costs and disbursements; and

6. For such other relief as the Panel deems just and equitable.

DATED this 22nd day of May, 2018.

STEWART SOKOL & LARKIN LLC

By: /s/ Thomas A. Larkin
Thomas A. Larkin, ISB #6920
tlarkin@lawssl.com
Jesse C. Ormond, ISB #10273
jormond@lawssl.com
*Attorneys for Claimant Ormond Builders, Inc.*

12 - FIRST AMENDED STATEMENT OF CLAIMS

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **CLAIMANT ORMOND BUILDERS, INC.'S FIRST AMENDED STATEMENT OF CLAIMS** on:

| | |
|---|---|
| Andrew J. Gabel<br>Lane Powell PC<br>1420 5th Avenue, Suite 4200<br>P. O. Box 91302<br>Seattle, WA 98111-9402<br>E-mail: gabela@lanepowell.com<br>*Attorneys for Respondents Shoshone-Bannock Tribes* | Paul C. Echo Hawk<br>Attorney at Law<br>P. O. Box 4166<br>Pocatello, ID 83205<br>E-mail: paulechohawk@gmail.com<br>*Attorney for Respondents Shoshone-Bannock Tribes* |

by the following indicated method or methods:

☑    by **mailing** a full, true and correct copy thereof in a sealed, first-class postage-paid envelope, and addressed to the attorney as shown above, the last-known office address of the attorney, and deposited with the United States Postal Service at Portland, Oregon on the date set forth below.

☑    by **e-mailing** a full, true and correct copy thereof to the party as shown above, at the last known electronic mail address reflected above, on the date set forth below.

DATED this 22nd day of May, 2018.

STEWART SOKOL & LARKIN LLC

By: */s/Thomas A. Larkin*
Thomas A. Larkin, ISB #6920
tlarkin@lawssl.com
Jesse C. Ormond, ISB #10273
jormond@lawssl.com
*Attorneys for Claimant Ormond Builders, Inc.*

CERTIFICATE OF SERVICE - 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706