Exhibit K

Exhibit K

**Andrew J. Gabel**, WSBA No. 39310
**Angie R. Nolet**, WSBA No. 50059
LANE POWELL PC
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Tel: (206) 223-7000
Fax: (206) 223-7107
gabela@lanepowell.com

**Paul C. Echo Hawk**, ISB No. 5802
ECHO HAWK LAW OFFICE
PO Box 4166
Pocatello ID 83205
Tel: (208) 705-9503
Fax: (208) 904-3878
paul@echohawklaw.com

Attorneys for Respondent Shoshone-Bannock Tribes

AMERICAN ARBITRATION ASSOCIATION
CONSTRUCTION INDUSTRY ARBITRATION TRIBUNAL

| | |
|---|---|
| ORMOND BUILDERS, INC., an Idaho corporation, <br><br> Claimant, <br><br> v. <br><br> SHOSHONE-BANNOCK TRIBES, Native American Tribes, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation, <br><br> Respondents. | AAA Case No. 01-17-0005-4109 <br><br> *Consolidated with* <br> *AAA Case No. 01-18-0001-3428 and* <br> *AAA Case No. 01-18-0000-3461* <br><br> RESPONDENT SHOSHONE-BANNOCK TRIBES' MOTION FOR RECONSIDERATION OF ORDER NO. 12 |

## I. **INTRODUCTION**

Pursuant to Order No. 12,[1] Respondent the Shoshone Bannock Tribes ("the Tribes") hereby submit to the Panel for de novo review issues regarding the privileged nature of three categories of documents. First, the Tribes ask the Panel to deny Claimant Ormond Builders, Inc.'s ("Ormond") motion to compel communications between the Tribes' attorneys and Vanir

---

[1] Supplemental Declaration of Andrew J. Gabel in Support of the Tribes' Motion for Reconsideration of Order No. 12 ("Gabel Suppl. Decl.") at Ex. A ("Order No. 12").

RESPONDENT SHOSHONE-BANNOCK TRIBES' MOTION FOR
RECONSIDERATION OF ORDER NO. 12 - 1
AAA Case No. 01-17-0005-4109

131162.0001/7566078.1

Construction Management ("Vanir"). Vanir acted as the functional equivalent of a tribal employee during all relevant times. Accordingly, their communications with the Tribes' attorneys are protected under well-settled law. Additionally, many of the communications and/or documents at issue are also protected by the work-product and joint defense privileges.

Second, the Tribes ask the Panel to deny Ormond's motion to compel documents between or among FFKR, Vanir, and the Tribes and/or their attorneys to the extent those documents further these entities' joint defense. In addition to protecting those documents generated after the joint defense agreement is formalized, the privilege also protects documents created prior to formalization. Additionally, given the parties' aligned interests, the common interest exception to waiver applies, shielding these documents from discovery.

Finally, the Tribes ask the Panel to deny Ormond's motion to compel documents related to the Fort Hall Business Council's ("FHBC") closed-session meetings. The Tribal Privacy Act—the parties agreed-upon choice of law—protects these documents from disclosure because they are protected by the executive or deliberative process privilege.

## II. <u>STATEMENT OF FACTS</u>[2]

**A.** **In Its Role as Owner's Representative, Vanir Intimately Participated in the Project and Communicated Unique and Critical Information to the Tribes' Legal Counsel.**

The Tribes contracted with Vanir for Vanir to act as their on-site representative via written agreement (the "Owner Representative Agreement"), which provides, in pertinent part:

> **The Owner Representative shall be an agent of the Owner** in providing the Services in accordance with the terms and conditions of this Agreement. The **Owner agrees that the Owner Representative will exclusively represent Owner in dealings with the Design Consultant and the Contractor [Ormond]** during and in connection with the performance of the Services required by this Agreement.[3]

Moreover, prior to Ormond's involvement on this Project, the FHBC amended Vanir's Agreement, empowering Vanir with "**full responsibility for the management of the Phase II**

[2] The Tribes incorporate by reference their Response to Claimant's Motion to Compel Production of Documents, the Declaration of Andrew J. Gabel in support thereof, and all exhibits thereto.
[3] Gabel Suppl. Decl. at Ex. C ("Owner Representative Agreement").

RESPONDENT SHOSHONE-BANNOCK TRIBES' MOTION FOR
RECONSIDERATION OF ORDER NO. 12 - 2
AAA Case No. 01-17-0005-4109

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

– **Casino Project…**"[4]  The amendment provides:

> 1.  <u>Project Leadership</u>:
> Jack Ridgeway, CCM, Senior Project Manager, was directed by FHBC to **assume full responsibility for the management of the Phase II – Casino Project, reporting directly to the FHBC.** Further, FHBC stated that Steve Hagler[5] and John Phillipp (sic) are to provide support to Jack's management responsibilities.

Consistent with the Owner's Representative Agreement, the Tribes' contract with Ormond (the "Contract") plainly sets forth the significant agency that Vanir exercised as the Tribes' project representative. Vanir acted as the on-site construction manager, reviewed Ormond's submittals, coordinated the resolution of non-compliant or deficient work, drafted Project-related correspondence for the Tribes, and trained the Tribes' personnel where necessary.[6] Put simply, Vanir acted as the Tribes' mouthpiece during the Project. Furthermore, the Contract obligates Ormond to schedule a "Preconstruction Conference" and lists Vanir—but not the Tribes—as mandatory invitees.[7] Likewise, the Contract also requires Ormond to invite Vanir—but not the Tribes—to weekly progress meetings.[8] The Contract also obligates Ormond to invite Vanir to each pre-installation conference.[9]

Vanir also led constructability reviews[10] and participated in weekly meetings with Ormond regarding Project progress.[11] Vanir initially wanted two project managers on-site, but the Tribes negotiated down to one and installed a Tribal member, Taylor Enos, to help manage documents.[12] Enos routinely used Vanir software and drafted Project-related documents using Vanir programs.[13]

The "Project Team" structure further reflects Vanir's expansive and intimate role on the

---

[4] Declaration of Andrew G. Gabel in Support of the Tribes' Opposition to Ormond's Motion to Compel ("Gabel Opp. Decl.") at Ex. A.
[5] Steve Hagler is the former Chief Financial Officer for the Tribes.
[6] Gabel Suppl. Decl. at Ex. B ("Construction Contract").
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] Gabel Suppl. Decl. at Ex. G ("February 5, 2019 Deposition of Marlin Fellows") at 58:13–59:4.
[11] *Id.* at 250:15–25.
[12] *Id.* at 89:21–90:21.
[13] *Id.* at 174:17–175:6.

RESPONDENT SHOSHONE-BANNOCK TRIBES' MOTION FOR
RECONSIDERATION OF ORDER NO. 12 - 3
AAA Case No. 01-17-0005-4109

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

131162.0001/7566078.1

Project. The Project Team was comprised of Marlin Fellows, the Tribes' finance and gaming departments, and Vanir.[14] Fellows and both Tribal department reported to Vanir, and Vanir reported directly to the FHBC.[15] Thus, Vanir, sandwiched between Tribal entities, was an integral part of the Project Team. Furthermore, Vanir managed TERO, the Tribal organization responsible for ensuring adequate Tribal representation in the Project workforce[16] as well as the architect, FFKR.[17]

Given Vanir's intimate role representing the Tribes' interests, Vanir has also worked closely with the Tribes' counsel since immediately after becoming involved with the Project.[18] **The Tribes' counsel could not provide adequate legal counsel to the Tribes without consulting Vanir.**[19]

| Production No. | Clawed Back | Redacted | Date | Author | To | CC | BCC | Privilege Type | Doc. Type | Subject | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 4/2/2018 | "Gabel, Andrew J." <gabela@lanepowell.com> | Bill Bacon <bbacon@sbtribes.com>; Paul Echo Hawk <paul@echohawklaw.com>; "Tomlinson, Scott" <scott.tomlinson@vanir.com>; Martin Fellows <mfellows@shoshonebannocktribes.com>; "Johnson, Mark" <mark.johnson@vanir.com> | | | Attorney Client | Email | Termination related letters | Facilitating provision of, seeking, or reflecting legal advice |
| 385 | | | | | | | | | | | |
| 386 | | | 4/2/2018 | Gabel, Andrew J. | | | | Attorney Client | Attachment | | Facilitating provision of, seeking, or reflecting legal advice |
| 387 | | | 4/2/2018 | Gabel, Andrew J. | | | | Attorney Client | Attachment | | Facilitating provision of, seeking, or reflecting legal advice |
| 388 | | | 4/2/2018 | Gabel, Andrew J. | | | | Attorney Client | Attachment | | Facilitating provision of, seeking, or reflecting legal advice |
| 389 | | | 4/2/2018 | "Gabel, Andrew J." <gabela@lanepowell.com> | "Tomlinson, Scott" <scott.tomlinson@vanir.com> | "Beyerlein, Jennifer" <jbeyerlein@lanepowell.com>; Paul Echo Hawk <paul@echohawklaw.com>; Bill Bacon <bbacon@sbtribes.com> | | Attorney Client | Email | New Contractor Agreement Rev-1 3.30.2018.docx | Facilitating provision of, seeking, or reflecting legal advice |
| 390 | | | 4/2/2018 | Tomlinson, Scott | | | | Attorney Client | Attachment | | Facilitating provision of, seeking, or reflecting legal advice |

As evidenced by the Tribes' privilege log, the Tribes' attorneys often consulted Vanir personnel—sometimes without simultaneously consulting the Tribes themselves—in order to fully apprise themselves of the facts relevant to a particular issue or determination.[20] From the Tribes' counsel's perspective, Vanir often operated as the conduit between themselves and the Tribes, usually because Vanir—not the Tribes—was most familiar with the pertinent facts.[21] For example, the Tribes' counsel consulted primarily Vanir personnel in order to determine the facts necessary to assess the legal risks and liabilities surrounding termination of Ormond and

---

[14] Fellows Dep. at 77:25–78:9.

[15] *Id.*

[16] *Id.* at 110:19–111:13.

[17] *Id.* at 205:18–206:3.

[18] Gabel Opp. Decl. at ¶ 2.

[19] *Id.*; Declaration of Jennifer M. Beyerlein in Support of the Tribes' Motion for Reconsideration of Order No. 12 ("Beyerlein Decl.") at ¶ 2.

[20] Beyerlein Decl. at ¶ 2.

[21] *Id.*

RESPONDENT SHOSHONE-BANNOCK TRIBES' MOTION FOR
RECONSIDERATION OF ORDER NO. 12 - 4
AAA Case No. 01-17-0005-4109

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

procuring a replacement contractor.[22]

Additionally, as Ormond has previously recognized as part of their attempt to seek discovery from the prior architect, Thalden Boyd Architects, LLC ("TBE"), the Tribes have been in a dispute with TBE since late 2015. The Tribes have relied and continue to rely on Vanir to assist in defending against and prosecuting its claims against TBE and Ormond.[23]

## B. The Tribes, Vanir, and FFKR Share the Common Interest of Vigorously Defending the Project's Design and Management.

In their First Amended Statement of Claim, Ormond alleges that the Project design is deficient and that the Tribes mismanaged the Project.[24] The Tribes, Vanir, and FFKR share a joint interest in disproving these claims to minimize their respective liability. In an effort to protect their common interests, the Tribes have formally entered into joint defense agreements with both Vanir and FFKR.[25] The Chairman's Order No. 12 recognized this formal joint defense arrangement. But, the Tribes' interests aligned with Vanir and FFKR long before these agreements were executed.

No later than February of 2016, Vanir's interests aligned with the Tribes'. As evidenced by the Tribes' privilege log, Vanir personnel communicated directly with the Tribes' counsel, seeking their legal advice.[26] Throughout the project, Vanir personnel continued to communicate directly with the Tribes' legal counsel to procure their legal advice.

---

[22] Beyerlein Decl. at ¶ 2.
[23] *Id.*
[24] Gabel Opp. Decl. at Ex. C ("Ormond's First Amended Statement of Claim").
[25] *Id.* at ¶ 3.
[26] Gabel Supp. Decl. at Ex. F ("Jan. 9, 2019 Privilege Log").

RESPONDENT SHOSHONE-BANNOCK TRIBES' MOTION FOR
RECONSIDERATION OF ORDER NO. 12 - 5
AAA Case No. 01-17-0005-4109

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

| Production No. | Closed Back | Redacted | Date | Author | To | CC | BCC | Privilege Type | Doc. Type | Subject | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 2/11/2016 | "Ridgeway, Jack" <"/2><exchangelabs/ourexchange administrative group/ffydduvhf23spdlt/cn=recipients/cn=6d616a3f0cc4c47546326e423b0 810970=ridgeway, j"> | blavon@tikribes.com | "Martin Fellows (mfellows@tikribes.com)" <mfellows@tikribes.com>; cdavis@tikribes.com | | Attorney Client | Email | T843.3.0.1 - RESPONSE TO FIVR LETTER | Facilitating provision of, seeking, or reflecting legal advice |
| | | | 2/11/2016 | | | | | Attorney Client | Attachment | | Facilitating provision of, seeking, or reflecting legal advice |
| | | | 2/11/2016 | | | | | Attorney Client | Attachment | | Facilitating provision of, seeking, or reflecting legal advice |
| | | | 9/12/2016 | "Ridgeway, Jack" <"/2><exchangelabs/ourexchange administrative group/ffydduvhf23spdlt/cn=recipients/cn=6d616a3f0cc4c47546326e423b0 810970=ridgeway, j"> | Paul Echo Hawk <paul@echohawklaw.com> | Blaine Edmo <bedmo@tikribes.com>; Martin Fellows <mfellows@tikribes.com>; FHBC <bbacon@tikribes.com>; Bill Bacon <bbacon@tikribes.com>; "Tomlinson, Scott" <scott.tomlinson@vanir.com>; Angelo Gonzalez <agonzalez@tikribes.com> | | Attorney Client | Email | Re: SBT Mediation Statement | Facilitating provision of, seeking, or reflecting legal advice |
| | | | 9/12/2016 | "Ridgeway, Jack" <"/2><exchangelabs/ourexchange administrative group/ffydduvhf23spdlt/cn=recipients/cn=6d616a3f0cc4c47546326e423b0 810970=ridgeway, j"> | Blaine Edmo <bedmo@tikribes.com>; Paul Echo Hawk <paul@echohawklaw.com> | Martin Fellows <mfellows@tikribes.com>; FHBC <fhbc@tikribes.com>; Bill Bacon <bbacon@tikribes.com>; "Tomlinson, Scott" <scott.tomlinson@vanir.com>; Angelo Gonzalez <agonzalez@tikribes.com> | | Attorney Client | Email | Re: SBT Mediation Statement | Facilitating provision of, seeking, or reflecting legal advice |
| | | | 9/12/2016 | "Ridgeway, Jack" <"/2><exchangelabs/ourexchange administrative group/ffydduvhf23spdlt/cn=recipients/cn=6d616a3f0cc4c47546326e423b0 810970=ridgeway, j"> | Paul Echo Hawk <paul@echohawklaw.com> | Martin Fellows <mfellows@tikribes.com>; "Tomlinson, Scott" <scott.tomlinson@vanir.com> | | Attorney Client | Email | Re: SBT Mediation Statement | Facilitating provision of, seeking, or reflecting legal advice |
| | | | 9/12/2016 | "Ridgeway, Jack" <"/2><exchangelabs/ourexchange administrative group/ffydduvhf23spdlt/cn=recipients/cn=6d616a3f0cc4c47546326e423b0 810970=ridgeway, j"> | Paul Echo Hawk <paul@echohawklaw.com> | Martin Fellows <mfellows@tikribes.com>; "Tomlinson, Scott" <scott.tomlinson@vanir.com> | | Attorney Client | Email | Re: SBT Mediation Statement | Facilitating provision of, seeking, or reflecting legal advice |

The relationship was symbiotic—the Tribes counsel also communicated directly with Vanir personnel to gain a fuller understanding of the facts, given that Vanir often had unique information.[27]

In September of 2017, the Tribes notified Ormond's surety that Ormond's performance on the Project was near default.[28] From that point forward, litigation was a possibility to the extent that notifying Ormond's surety escalated the tensions between the parties and failed to spur Ormond into completing their work according to the agreed-upon quality standards.

That same month, Ormond filed its first arbitration demand alleging design deficiencies, directly implicating FFKR.[29] At a minimum, the Tribes' interests aligned with FFKR's from that point forward, triggering application of the joint defense privilege.

## C. Documents Related to the Fort Hall Business Council's Deliberative Process.

Much like any city council, the Fort Hall Business Council ("FHBC") acts as the Tribes' governing body and, like any other executive governing body, performs similar functions. The FHBC deliberates over potential resolutions (legislation), drafts and revises resolutions (legislation), and ultimately passes and publishes a final resolutions (legislation). As part of the deliberative process, the FHBC generates communications regarding their deliberations and drafts. These documents are often generated before a final resolution is passed, and reflect the FHBC's pre-decisional, deliberative process.

---

[27] Beyerlein Decl. at ¶ 2.
[28] Gabel Suppl. Decl. at Ex. E ("Sept. 1, 2017 Letter to Travelers re. Pre-Default Conference Ormond").
[29] Gabel Opp. Decl., Ex. D.

RESPONDENT SHOSHONE-BANNOCK TRIBES' MOTION FOR
RECONSIDERATION OF ORDER NO. 12 - 6
AAA Case No. 01-17-0005-4109

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

# III. STATEMENT OF ISSUES

1. Whether controlling 9th Circuit precedent explicitly extending attorney–client privilege to communications between counsel and the "functional equivalent" of their client's employee renders communications between Vanir and the Tribes' attorneys privileged.

2. Whether the work-product doctrine protects communications between the Tribes' counsel and Vanir from disclosure, regardless of whether those documents are protected by the attorney–client privilege.

3. Whether the long-recognized, broadly-construed, and robust joint defense privilege protects communications between FFKR and/or Vanir and the Tribes from disclosure, where the parties communicated in furtherance of a common interest and with the shared goal of defending the integrity of the Project's design and management.

4. Whether documents related to FHBC's closed-session meetings are protected from disclosure by executive privilege where the documents are pre-decisional and reflect the FHBC's deliberative process.

# IV. EVIDENCE RELIED UPON

The Tribes rely upon the declarations of Andrew J. Gabel and Jennifer M. Beyerlein, the exhibits attached thereto, and the materials on file.

# V. LEGAL ARGUMENT[30]

**A.      The Attorney–Client Privilege Protects the Tribes' Attorneys' Communications with Vanir Because Vanir Acted as the Functional Equivalent of a Tribal Employee.**

The functional equivalent doctrine is well-settled law and protects communications between an attorney and the functional equivalent of their client's employee. In *In re Bieter Co.*, the Eighth Circuit adopted the doctrine after granting a writ of mandamus after the lower court rejected Bieter's claim of attorney–client privilege over communications between Bieter's counsel and his third-party consultant. 16 F.3d 929 (8th Cir. 1994). The court reasoned that **"too narrow a definition of 'representative of the client' will lead to attorneys not being able to confer confidentially with nonemployees who, due to their relationship to the**

---

[30] The Tribes incorporate by reference their Response to Claimant's Motion to Compel Production of Documents, the Declaration of Andrew J. Gabel in support thereof, and all exhibits attached thereto.

RESPONDENT SHOSHONE-BANNOCK TRIBES' MOTION FOR
RECONSIDERATION OF ORDER NO. 12 - 7
AAA Case No. 01-17-0005-4109

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

**client, possesses the very sort of information that the privilege envisions flowing most freely**." *Id.* at 937–38. The consultant at issue was "involved in a daily basis with the principals of Bieter and on Bieter's behalf in the unsuccessful development that serve[d] as the basis for th[e] litigation." *Id.* at 938. Thus, he was "precisely the sort of person with whom a lawyer would wish to confer confidentially" and "was in all relevant respects the functional equivalent of an employee." *Id.* at 938. The Eighth Circuit even held that the lower court's refusal to protect these communications amounted to "a clear abuse of discretion." 16 F.3d at 929.

In 2010, the 9th Circuit followed suit, issuing a ringing endorsement of the *Bieter* court's logic. In, *U.S. v. Graf*, 610 F.3d 1148, 1159 (9th Cir. 2010), the Court, noting the widespread acceptance of the functional equivalent doctrine among the district courts, stated as follows:

> We find the reasoning in *Bieter* persuasive and adopt its principles in the Ninth Circuit… As we have previously noted, "[a]s fictitious entities, corporations can seek and receive legal advice and communicate with counsel only through individuals empowered to act on behalf of the corporation."

*Id.* at 1159 (citing *Admiral Ins. Co. v. U.S. Dist. Court*, 881 F.2d 1486, 1492 (9th Cir. 1989).

Here, like the entity in *Bieter*, Vanir was involved on a daily basis with the Tribes in the Project that serves as the basis for this litigation. Thus, Vanir personnel were "precisely" the sort of people with whom the Tribes' lawyers "wish[ed] to confer confidentially."

It is widely recognized that if the purpose of the attorney–client privilege is to be served, "the attorney and client must be able to predict with some degree of certainty whether particular discussions will be protected." *Upjohn Co. v. U.S.*, 499 U.S. 383, 393, 101 S. Ct. 677 (1981). The privilege also recognizes that sound advice "depends upon the lawyer's being fully informed by the client." *Id.* at 389.

The Tribes, their attorneys, and Vanir understood that their communications were privileged at the time they were made, in part because the Tribes' attorneys' relied on Vanir's intimate and unique knowledge of the Project to render adequate legal advice to the Tribes, Vanir's intimate role on the Project, and their status as the Tribes' Project representative, vested

RESPONDENT SHOSHONE-BANNOCK TRIBES' MOTION FOR
RECONSIDERATION OF ORDER NO. 12 - 8
AAA Case No. 01-17-0005-4109

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

131162.0001/7566078.1

1  with full authority to manage the Project. This mutual understanding is evidenced by the trove

2  of emails between Vanir representatives—namely Scott Tomlinson, Jack Ridgeway, and Mark

3  Johnson—and the Tribes' attorneys, including Bill Bacon, Paul Echo Hawk, Andrew Gabel

4  and/or Jennifer Beyerlein.[31] Notably, many of these emails do *not* include a single Tribal

5  member—because Vanir alone could provide the Tribes' attorneys with the information they

6  needed to render legal advice.

7  Moreover, as a practical matter, unless Vanir is deemed the functional equivalent of a

8  Tribal employee, the Tribes' attorneys would be confined to consulting with tribal members

9  who know significantly less than the Tribes' on-site representatives (Jack Ridgeway, Mark

10  Johnson and Scott Tomlinson). Thus, in order to fully apprise themselves of the facts in order

11  to advise the Tribes, the Tribes' attorneys would need to ask tribal members to request relevant

12  information from Vanir—potentially waiving privilege. Additionally, to the extent the Tribes'

13  attorneys needed documents from Vanir—or a compilation of documents—the attorneys would

14  have no avenue to get them without creating a discoverable trail. Relegating Vanir to the role

15  of a third party destroys the Tribes' attorneys' sense of predictability with regard to the scope

16  of attorney–client privilege, eviscerates the protections that all parties thought they enjoyed,

17  and hampers the attorneys' ability to advise their clients.

18  Moreover, excluding communications between the Tribes' attorneys' and Vanir from

19  attorney–client privilege is inconsistent with the common interest doctrine, which provides that

20  disclosure to a third party does not waive attorney–client privilege if the communication is

21  made in pursuit of a joint strategy in accordance with some form of agreement—whether written

22  or unwritten. *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012). Here, the

23  communications at issue are between Tribal members, their attorneys, and Vanir personnel.

24  Communications involving the Tribes and their attorneys are protected by the attorney–client

25  privilege. To the extent the Panel finds that Vanir did not act as the functional equivalent of a

26

27

[31] Gabel Suppl. Decl. at Ex. E.

RESPONDENT SHOSHONE-BANNOCK TRIBES' MOTION FOR
RECONSIDERATION OF ORDER NO. 12 - 9
AAA Case No. 01-17-0005-4109

131162.0001/7566078.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

tribal employee, these communications are still privileged because disclosure to Vanir—an entity that shares a common interest with the Tribes—does not waive the privilege.

**B.    The Work-Product Doctrine Protects the Tribes' Attorneys' Communications with Vanir.**

The work-product doctrine protects from discovery documents prepared or formed by an adverse party or their legal counsel in anticipation of litigation. *Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010) (citation omitted); *see also* Fed. R. Civ. P. ("FRCP") 26(b)(3)(A) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)"). A document should be deemed prepared in anticipation of litigation if, "in light of the nature of the document and the factual situation in a particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation." *In re Grand Jury Subpoena (Mark Torf/Torf Envt'l Mgmt.)*, 357 F.3d 900, 907 (9th Cir. 2004) (quoting Charles Alan Wright, Arthur b. Miller, and Richard L. Marcus, 8 Fed. Prac. & Proc., § 2024 (2nd ed. 1994)).

The work-product doctrine covers documents or the compilation of materials prepared by agents of the attorney in preparation for litigation, and draft documents, which reflect an attorney's strategic decisions. *U.S. v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011); *Lopes v. Vieira*, 719 F.Supp.2d 1199, 1204 (E.D. Cal. 2010).

Here, many of the documents Ormond seeks are protected by the work-product doctrine, as they reflect the Tribes' attorney's strategic decisions or were prepared in anticipation of litigation.

RESPONDENT SHOSHONE-BANNOCK TRIBES' MOTION FOR
RECONSIDERATION OF ORDER NO. 12 - 10
AAA Case No. 01-17-0005-4109

131162.0001/7566078.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

| Production No. | Clawed Back | Redacted | Date | Author | To | CC | BCC | Privilege Type | Doc. Type | Subject | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 14 | | | 5/10/2016 | "Ridgeway, Jack" <">/o=exchangelabs/ou=exchange administrative group (fydibohf23spdlt)/cn=recipients/c n=b816faf8bc4c47b8c106e429c08109fd-ridgeway, j"> | Marlin Fellows <mfellows@sbtribes.com> | Paul Echo Hawk <paul@echohawklaw.com>; "Tomlinson, Scott" <scott.tomlinson@vanir.com> | | Attorney Client | Email | Re: timeline narrative of events - for mediation statement | Facilitating provision of, seeking, or reflecting legal advice |
| 15 | | | 5/9/2016 | "Ridgeway, Jack" <">/o=exchangelabs/ou=exchange administrative group (fydibohf23spdlt)/cn=recipients/c n=b816faf8bc4c47b8c106e429c08109fd-ridgeway, j"> | Paul Echo Hawk <paul@echohawklaw.com> | "Tomlinson, Scott" <scott.tomlinson@vanir.com>; Marlin Fellows <mfellows@sbtribes.com> | | Attorney Client | Email | Re: timeline narrative of events - for mediation statement | Facilitating provision of, seeking, or reflecting legal advice |
| 16 | | | 5/9/2016 | "Ridgeway, Jack" <">/o=exchangelabs/ou=exchange administrative group (fydibohf23spdlt)/cn=recipients/c n=b816faf8bc4c47b8c106e429c08109fd-ridgeway, j"> | Paul Echo Hawk <paul@echohawklaw.com>; "Tomlinson, Scott" <scott.tomlinson@vanir.com>; Marlin Fellows <mfellows@sbtribes.com> | | | Attorney Client | Email | Re: timeline narrative of events - for mediation statement | Facilitating provision of, seeking, or reflecting legal advice |

As evidenced in this excerpt from the Tribes' privilege log, many of the withheld documents were prepared in anticipation of litigation (with TBE and then later on with Ormond)[32] and, accordingly, are protected by the work-product doctrine. Other documents reflect the Tribes' attorneys' strategic decisions.

| Production No. | Clawed Back | Redacted | Date | Author | To | CC | BCC | Privilege Type | Doc. Type | Subject | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 99 | | | 3/16/2016 | "Ridgeway, Jack" <">/o=exchangelabs/ou=exchange administrative group (fydibohf23spdlt)/cn=recipients/c n=b816faf8bc4c47b8c106e429c08109fd-ridgeway, j"> | rdeacon@sbtribes.com | "Paul Echo Hawk (paulechohawk@gmail.com)" <paulechohawk@gmail.com>; "Marlin Fellows (mfellows@sbtribes.com)" <mfellows@sbtribes.com>; "Steve Magler (shagler@sbtribes.com)" <shagler@sbtribes.com> | | Attorney Client | Email | 7643.3.8.3 - DRAFT LETTER / SUBCONSULTANTS/ENGINEERING FIRMS | Facilitating provision of, seeking, or reflecting legal advice |
| 100 | | | 3/16/2016 | "Ridgeway, Jack" <">/o=exchangelabs/ou=exchange administrative group (fydibohf23spdlt)/cn=recipients/c n=b816faf8bc4c47b8c106e429c08109fd-ridgeway, j"> | "Paul Echo Hawk (paulechohawk@gmail.com)" <paulechohawk@gmail.com>; "Steve Magler (shagler@sbtribes.com)" <shagler@sbtribes.com> | "Marlin Fellows (mfellows@sbtribes.com)" <mfellows@sbtribes.com> | | Attorney Client | Email | 7643.3.8.3 - DRAFT LETTER / CONSULTANT FIRMS | Facilitating provision of, seeking, or reflecting legal advice |

Ormond may argue that the Tribes waived this privilege by disclosing privileged materials to Vanir. But, assuming *arguendo* that Vanir is a third party and not the functional equivalent of a Tribal employee, the work-product protection is not automatically waived upon disclosure to third parties. *CA Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 645 (E.D. Cal. 2014). This is because "the purpose of the work-product rule is not to protect the evidence from disclosure to the outside world but rather to protect it only from the knowledge of opposing counsel and his client, thereby preventing its use against the lawyer gathering the materials." Wright, Miller, Kane & Marcus, 8 Fed. Prac. & Proc. Civ. § 2024 (3d ed.).

Moreover, and critically to this matter, "[d]isclosure to [a] person with interest common to that of [the] attorney or client is not inconsistent with intent to invoke [the] work product doctrine's protection and would not amount to waiver" under the common interest doctrine.

---

[32] In fact, Ormond's own counsel must agree with this contention as evidenced in his June 13, 2018 letter stating that the parties have been in a serious dispute for over 20 months. Gabel Suppl. Decl. at Ex. D ("June 13, 2018 Larkin Letter").

RESPONDENT SHOSHONE-BANNOCK TRIBES' MOTION FOR RECONSIDERATION OF ORDER NO. 12 - 11
AAA Case No. 01-17-0005-4109

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

131162.0001/7566078.1

*Sportfishing*, 299 F.R.D. at 645 (quoting *In re Doe*, 662 F.2d 1071, 1081 (4th Cir. 1981)) (collecting cases). The standard for waiver of work product is construed broadly, comparatively speaking, and generously allows for disclosure to parties—even independent third parties—so long as that party is not adverse. *Sportfishing*, 299 F.R.D. at 645 (collecting cases). Thus, the work-product doctrine and common interest exception to waiver of the work-product doctrine's protection broadly preclude discovery of documents reflecting communications between the Tribes' attorneys and Vanir.

## C. The Joint Defense Privilege Protects Documents Related to the Tribes' Dispute with FFKR and the Tribes' Attorneys' Communications with Vanir.

The joint defense privilege may be implied from conduct and situation, "such as attorneys exchanging confidential communications from clients who are or potentially may be codefendants **or who have common interests in litigation**." *U.S. v. Gonzalez*, 669 F.3d 974, 979 (9th Cir. 2012) (citing *Continental Oil Co. v. U.S.*, 330 F.2d 347, 350 (9th Cir. 1964) (privilege applies "even without an express understanding that the recipient shall not communicate the contents thereof to others")).

Here, the privilege applies to communications extending back to February of 2016. As reflected in the Tribes' privilege log, Vanir sought legal advice from the Tribes' counsel starting no later than February 2016:

| Production No. | Clawed Back | Redacted | Date | Author | To | CC | BCC | Privilege Type | Doc. Type | Subject | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 2/11/2016 | "Ridgeway, Jack" <'J=ns=changelabs/ou=exchange administrative group (fydibohf23spdlt)/cn=recipients/c n=bb163af8bc4c4754b106e429c0 810956=ridgeway, j"> | bbacon@sbtribes.com | "Martin Fellows (mfellows@sbtribes.com)" <mfellows@sbtribes.com>; cdavis@sbtribes.com | | Attorney Client | Email | 7643.5.8.1 - RESPONSE TO FFKR LETTER | Facilitating provision of, seeking, or reflecting legal advice |
| | | | 2/11/2016 | | | | | Attorney Client | Attachment | | Facilitating provision of, seeking, or reflecting legal advice |
| | | | 2/11/2016 | | | | | Attorney Client | Attachment | | Facilitating provision of, seeking, or reflecting legal advice |

The fact that Vanir's project superintendent, Jack Ridgeway, emailed the Tribes' counsel, Bill Bacon, regarding responding to FFKR's letter reflects both parties' understanding that their interests were aligned to such an extent that their communications would be privileged. The same is true of FFKR's later communications with the Tribes' counsel.

RESPONDENT SHOSHONE-BANNOCK TRIBES' MOTION FOR
RECONSIDERATION OF ORDER NO. 12 - 12
AAA Case No. 01-17-0005-4109

131162.0001/7566078.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 3271 | | 12/13/2017 | Martin Fellows mfellows@idtribes.com | Paul Echo Hawk <paulechohawk@gmail.com>; "Gabel, Andrew J." <gabela@lanepowell.com>; "Smithson, Scott" <scott.tomlinson@vanir.com>; "Johnson, Mark" <mark.johnson@vanir.com>; Dan Stone <dstone@idtribes.com>; jgiles@ffkr.com | Attorney Client | Email | Mediation L-900 Fixtures 587-CMI | Facilitating provision of, seeking, or reflecting legal advice |

As evidenced in this excerpt from the Tribes' privilege log, the Tribes' attorneys communicated with FFKR personnel in anticipation of litigation in order to further a common interest of defending against Ormond's claims. Accordingly, the communications are privileged under the joint defense privilege. Moreover, the joint defense privilege attached much earlier than the parties' formalized agreement on or before April 2, 2018—the parties communicated in furtherance of their joint defense no later than December of 2017.

## D. The Tribal Privacy Act and Executive Privilege Protect Documents Related to the FHBC's Closed-Session Meetings.

As an initial matter, the Tribal Privacy Act of the Shoshone-Bannock Tribes protects documents related to FHBC's deliberations from disclosure.[33] The Act provides, in pertinent part:

> DISCLOSURE OF RECORDS: Tribal records may not be disclosed unless authorized by the Fort Hall Business Council in writing.[34]

Thus, we begin with the blanket rule that Tribal records—including those reflecting the FHBC's deliberations—may **not** be disclosed unless authorized. On September 20, 2018, after the Chairman issued a discovery order in this matter, the FHBC passed a resolution stating, in pertinent part:

> WHEREAS, the rules of discovery in [this matter] require the Tribes [sic] to comply with the production of project records related to the design, construction, and management of the Casino Project. These records include **non-privileged** e-mails regarding the Project from members of the Shoshone-Bannock Tribes that have worked on the Project. These records also include **non-privileged** documents and communications provided to or received from various Tribal agencies such as TERO and TOSHA as well as the Fort Hall Business Counsel.[35]

---

[33] Gabel Opp. Decl. at Ex. E ("Tribal Privacy Act of the Shoshone Bannock Tribes").

[34] *Id.*

[35] *Id.* at Ex. F ("FHBC Resolution re. Discovery of Documents").

RESPONDENT SHOSHONE-BANNOCK TRIBES' MOTION FOR
RECONSIDERATION OF ORDER NO. 12 - 13
AAA Case No. 01-17-0005-4109

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

Accordingly, the Tribal Privacy Act, read in conjunction with the applicable FHBC resolution, provides for the disclosure of all non-privileged documents.

But, the deliberative process privilege, or executive privilege, shields many of the documents Ormond seeks from disclosure—and thus they fall outside the purview of the FHBC's discovery resolution. Under the deliberative process privilege, a government— whether tribal, state, or federal—can withhold documents or prevent testimony that "reflect advisory opinions, recommendations and deliberations comprising part of a process by which government decisions and policies are formulated." *FTC v. Warner Comms.*, 742 F.2d 1156, 1161 (9th Cir. 1984); *see also U.S. v. Irvin*, 127 F.R.D. 169, 172 (C.D.Cal. 1989) ("In terms of the alleged need for secrecy surrounding deliberations, there is no principled distinction between [local legislators] and government officials who currently enjoy a deliberative process privilege."); *see also In re Grand Jury*, 821 F.2d 946, 958–59 (3d Cir. 1987) (in dictum, "provides a useful analogy for a confidentiality-based privilege for state legislators because executive agencies, like state legislators, engage in a wide variety of activities, including factual investigations for quasi-legislative rulemaking."). The Ninth Circuit recognizes that Indian Tribes enjoy executive privilege. *Davis v. Littell*, 398 F.2d 83, 84–85 (9th Cir. 1968) (explicitly and categorically extending the privilege to Navajo Tribe executive officers).

The policy underlying this privilege promotes the "frank and independent discussion among those responsible for making governmental decisions and also to protect against premature disclosure of proposed… policies or decisions." *FTC*, 742 F.2d at 1161.

Application of the privilege hinges on two factors: (1) whether the document at issue is predecisional—*i.e.* generated before the adoption of a policy or decision; and (2) whether the document is deliberative in nature—*i.e.* contains opinions, recommendations, or advice about policies or decisions. *FTC*, 742 F.2d at 1161.

Here, Ormond requests notes from closed-session meetings, draft resolutions, and other predecisional documents that reflect the FHBC's opinions, recommendations, and advice. The FHBC, the Tribes governing body, and its officers enjoy executive or deliberative process

RESPONDENT SHOSHONE-BANNOCK TRIBES' MOTION FOR
RECONSIDERATION OF ORDER NO. 12 - 14
AAA Case No. 01-17-0005-4109

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

131162.0001/7566078.1

privilege. *Davis*, 398 F.2d at 84–85. Notably, the Tribes have produced all final resolutions and other public, published materials. But, the documents Ormond now seeks fall under the executive or deliberative process privilege and are thus shielded from discovery. Accordingly, the Panel should deny Ormond's motion to compel these documents.

## VI. **CONCLUSION**

Because every document Ormond requests is protected, the Tribes request that the Panel deny Ormond's Motion to Compel. First, the Tribes ask the Panel to deny Ormond's motion to compel communications between the Tribes' attorneys and Vanir because Vanir acted as the functional equivalent of a tribal employee during all relevant times.

Second, the Tribes ask the Panel to deny Ormond's motion to compel documents between or among FFKR, Vanir, and the Tribes and/or their attorneys to the extent those documents further these entities' joint defense.

Finally, the Tribes ask the Panel to deny Ormond's motion to compel documents related to the FHBC's closed-session meetings.


DATED: February 11, 2019

LANE POWELL PC


By  *s/ Andrew J. Gabel*
      Andrew J. Gabel, WSBA No. 39310
      gabela@lanepowell.com
      Angie R. Nolet, WSBA No. 50059
      noleta@lanepowell.com

And

    Paul C. Echo Hawk, ISB No. 5802
    ECHO HAWK LAW OFFICE
    PO Box 4166
    Pocatello ID 83205
    Tel: (208) 705-9503
    Fax: (208) 904-3878
    paul@echohawklaw.com

Attorneys for Shoshone-Bannock Tribes

RESPONDENT SHOSHONE-BANNOCK TRIBES' MOTION FOR
RECONSIDERATION OF ORDER NO. 12 - 15
AAA Case No. 01-17-0005-4109

131162.0001/7566078.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

# CERTIFICATE OF SERVICE

I, Angie R. Nolet, hereby certify under penalty of perjury of the laws of the State of Washington that on February 11, 2019, I caused to be served a copy of the foregoing document on the following person(s) in the manner indicated below at the following address(es):

Thomas A. Larkin
Jesse C. Ormond
STEWART SOKOL & LARKIN LLC
2300 SW First Ave, Suite 200
Portland OR 97201
Tel: (503) 221-0699
Fax: (503) 223-5706
tlarkin@lawssl.com
jormond@lawssl.com

Edward Rubacha
Jennings Haug Cunningham
2800 North Central Avenue, Suite 1800
Phoenix AZ 85004
Tel: 602-234-7800
er@jhc.law

AND

John A. Bailey Jr.
Frederick J. Hahn III
HAWLEY TROXELL ENNIS & HAWLEY
LLP
2010 Jennie Lee Drive
Idaho Falls ID 83404
Tel: (208) 529-3005
Fax: (208) 529-3065
fhahn@hawleytroxell.com
jbailey@hawleytroxell.com
pmiller@hawleytroxell.com

☐ **by CM/ECF**
☑ **by Electronic Mail**
☐ **by Facsimile Transmission**
☐ **by First Class Mail**
☐ **by Hand Delivery**
☐ **by Overnight Delivery**

*s/ Angie R. Nolet*
Angie R. Nolet

RESPONDENT SHOSHONE-BANNOCK TRIBES' MOTION FOR
RECONSIDERATION OF ORDER NO. 12 - 16
AAA Case No. 01-17-0005-4109

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

131162.0001/7566078.1