Elijah M. Watkins, ISB No. 8977
elijah.watkins@stoel.com
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID 83702
Telephone: 208.389.9000
Facsimile: 208.389.9040

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHOSHONE-BANNOCK TRIBES; and FORT HALL BUSINESS COUNCIL,<br><br>Plaintiffs,<br><br>v.<br><br>VANIR CONSTRUCTION MANAGEMENT, INC.,<br><br>Defendant. | Case No. 4:23-cv-00160-REP<br><br>**OPPOSITION TO PLAINTIFFS' MOTION TO STAY** |

  Defendant Vanir Construction Management, Inc. ("Vanir") hereby files this Opposition in response to Plaintiffs Shoshone Bannock Tribes and Fort Hall Business Council (collectively, "the Tribes")'s motion to stay Vanir's pending Motion for Disqualification of Counsel (the "Disqualification Motion") as directed by the Court's April 27, 2023, Docket Entry Order (Dkt. 10) ("Order"). The Tribes contend that the Court cannot or should not rule on the pending Disqualification Motion because the Tribes filed a motion for remand days after the Disqualification Motion was filed. The Tribes are wrong for several reasons.

*First*, it is a threshold issue for the Court to decide if the Tribes' lawyers can speak on the Tribes' behalf in court, which includes arguing the motion for remand. After all, the Tribes cannot speak for themselves— "[a] foreign state, like any other entity defendant, must be represented by counsel who is licensed to practice in the forum." *Rhuma v. Libya*, No. 2:20-cv-02366, 2021 WL 5998457, at *2 (E.D. Cal. Dec. 20, 2021) (slip op.) (citing *Rowland*, 506 U.S. at 201-02). As "domestic dependent nations" with sovereign authority over their members and territories, *Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla.*, 498 U.S. 505, 509 (1991), the Tribes must be represented by counsel to proceed with their case in federal court, *Rowland*, 506 U.S. at 201-02; *Rhuma*, 2:20-cv-02366, 2021 WL 5998457 at *2. Because the Tribes cannot speak for themselves, and if their current counsel is not authorized to speak, then the Tribes must get replacement counsel prior to the remand being argued and heard by this Court.[1]

*Second*, and relatedly, Vanir will be unfairly prejudiced if lawyers that should be disqualified are nonetheless allowed to appear opposite of Vanir. *See Crown v. Hawkins Co.*, 128 Idaho 114, 910 P.2d 786, 795 (Idaho Ct. App. 1996) (the goal of ruling on a motion for disqualification is to "assure fairness to the parties and the integrity of the judicial process."). Thus, to confirm Vanir will not be prejudiced by the unfair actions of Mssrs. Echo Hawk, Bacon, and Gabel, the Court must first decide whether they can properly speak for the Tribes on the remand motion. Indeed, should the Court grant the Disqualification Motion, then to protect the integrity of the judicial process the Court should also *strike* the pending remand motion as well because it was filed by disqualified counsel. The Ninth Circuit has previously affirmed a district court's decision to strike briefing filed by disqualified counsel after the disqualifying conflict arose. *Reading Int'l, Inc. v. Malulani Grp., Ltd.*, 814 F.3d 1046, 1053 (9th Cir. 2016).

---

[1] The Tribes are free to hire a near endless number of attorneys throughout the United States to replace their current (disqualified) counsel.

*Third*, even if the Court were inclined to eventually order remand, it should still first decide the Disqualification Motion because it arises from the Court's "duty and responsibility of supervising the conduct of attorneys who appear before it," *Erickson v. Newmar Corp.*, 87 F.3d 298, 300 (9th Cir. 1996), which is entirely separate and apart from federal jurisdiction. As the Ninth Circuit explained long ago, "[w]hen an attorney appears before a federal court, he is acting as an officer of that court, and it is that court which must judge his conduct." *Cord v. Smith*, 338 F.2d 516, 524 (9th Cir. 1964), *clarified*, 370 F.2d 418 (1966). "The right to disqualify counsel is a discretionary exercise of the trial court's inherent powers." *Certain Underwriters at Lloyd's, London v. Argonaut Ins. Co.*, 264 F.Supp.2d 914, 918 (N.D. Cal. 2003). "[A]ll courts possess an inherent power to prevent unprofessional conduct by those attorneys who are practicing before them. This authority extends to *any* unprofessional conduct." *Jackson v. United States*, 881 F.2d 707, 710 (9th Cir. 1989).

In *Gas–A–Tron,* the Ninth Circuit confirmed:

> Whenever an allegation is made that an attorney has violated his moral and ethical responsibility, an important question of professional ethics is raised. It is the duty of the district court to examine the charge, since it is that court which is authorized to supervise the conduct of the members of its bar. The courts, as well as the bar, have a responsibility to maintain public confidence in the legal profession. *This means that a court may disqualify an attorney for not only acting improperly but also for failing to avoid the appearance of impropriety.*

*Gas–A–Tron of Ariz. v. Union Oil Co.,* 534 F.2d 1322, 1324-25 (9th Cir.) (emphasis added) (quoting *Richardson v. Hamilton Int'l Corp.,* 469 F.2d 1382, 1385–86 (3d Cir.1972), *cert. denied,* 411 U.S. 986, 93 S.Ct. 2271, 36 L.Ed.2d 964 (1973)).

Here the Tribes' counsels' conduct is not even a close call, let alone conduct that could be considered as avoiding "the appearance of impropriety." The Tribes' lawyers have argued multiple times, to multiple adjudicators, in hearings, and in writings, that their communications with Vanir are privileged as attorney-client. And how could they not be? Vanir was instrumental in hiring

Andrew Gabel and his law firm, the Tribes' counsel exchanged thousands of emails and had hundreds of hours' worth of conversations with Vanir (often without tribal involvement), these lawyers had direct login access to Vanir's confidential files, and they also responded on Vanir's behalf to legal demands made by opposing counsel. (Dkt. 6-1, *passim*). Were that not enough (and it is) Bill Bacon's office is the only party to the at-issue contract; an amendment made by him for the express purpose of cloaking Vanir communications with attorney-client protection. (*Id.* at 2.) This Court has a duty to examine the serious charges raised against the Tribes' counsel (Idaho and Washington attorneys) in the Disqualification Motion separate and apart from any jurisdictional considerations.

*Fourth*, while the Supreme Court and the Ninth Circuit have yet to address the sequence in which a district court should rule on a jurisdictional motion versus a motion to disqualify counsel, they have confirmed that at least in the context of sanctions, a lack of subject matter jurisdiction has no bearing on the Court's inherent powers. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–98, 110 S. Ct. 2447, 2455–57, 110 L. Ed. 2d 359 (1990) ("Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate."); *see also Barber v. Ohana Mil. Communities, LLC*, 728 F. App'x 749, 750 (9th Cir. 2018) (noting in dicta that the district court "might be able to exercise inherent and/or ancillary jurisdiction over the issue" to rule on disqualification even though it lacked subject matter jurisdiction).

Vanir is not seeking a ruling or judgment on the merits of the action. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Rather it is asking this Court to exercise its ever-present inherent authority to rule on a "collateral issue" that is key to safeguard notions of fundamental fairness and basic professional ethics—concepts

which undergird the whole of our representational legal system. It is asking this Court to decide "whether the attorney has abused the judicial process" either by appearing averse to Vanir, being a key fact witness in a case they are engaged in, or in being a necessary party. *Cooter & Gell*, 496 U.S. at 398. Such request is entirely consistent with this Court exercising its power to rule on the Disqualification Motion, which is categorically not a ruling or judgment on the merits of the action.

*Lastly*, all the cases relied upon by the Tribes are easily distinguishable on this exact point. In *Singh*, a jurisdictional defect existed at the time of removal but was not raised until after entry of judgment. *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1066 (9th Cir. 2019). Because the jurisdictional defect was cured during the course of the litigation the judgment stood. *Id.* In *Cunningham* the Tenth Circuit vacated all post-removal *summary judgment* orders because the district court "had no power to rule on any substantive motions or to enter judgment in the case." *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Nowhere do these cases examine the question of whether a court should exercise its inherent powers to rule on a motion to disqualify before it rules on a motion to remand—they are irrelevant.

What is relevant is the fact that the Tribes' counsel represented Vanir previously *in this same and similar matter*, admitted it in hearings and writings, and are key fact witnesses and necessary parties to the litigation. This Court must first decide if it can even hear from these lawyers before it can hear any arguments from them concerning remand.

For the above discussed reasons, Vanir urges the Court to exercise its discretion by denying the Tribes' motion to stay Vanir's pending Disqualification Motion and to decide the Disqualification Motion first before taking up the remand issue.

DATED: May 4, 2023.

*/s/ Elijah M. Watkins*
Elijah M. Watkins

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

   I hereby certify that on May 4, 2023, I served a copy of the foregoing **OPPOSITION TO PLAINTIFF'S MOTION TO STAY** on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing as follows:

  *paul@echohawklaw.com*

            */s/ Elijah M. Watkins*
            Elijah M. Watkins