Paul C. Echo Hawk (ISB # 5802)      William F. Bacon, General Counsel (ISB # 2766)
ECHO HAWK LAW OFFICE          SHOSHONE-BANNOCK TRIBES
P.O. Box 4166                      P.O. Box 306
Pocatello, Idaho 83205           Fort Hall, Idaho 83203
Telephone: (208) 705-9503       Telephone: (208) 478-3822
Facsimile: (208) 904-3878        Facsimile: (208) 237-9736
paul@echohawklaw.com           bbacon@sbtribes.com

*Attorneys for Shoshone-Bannock Tribes and*
*Fort Hall Business Council*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| SHOSHONE-BANNOCK TRIBES; and FORT HALL BUSINESS COUNCIL, | ) ) ) | Case No. 4:23-cv-00160-REP |
| Plaintiffs, | ) ) | |
| V. | ) ) ) | **REPLY IN SUPPORT OF MOTION TO STAY PLAINTIFFS' RESPONSE DEADLINES [DKT. 7]** |
| VANIR CONSTRUCTION MANAGEMENT, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

### I.     INTRODUCTION

In response to the Court's April 27th directive for Vanir to respond to the Tribes' request to stay briefing pending the Court's ruling on the Tribes' motion for remand (Dkt. 10), Vanir continues to argue without supporting legal authority that the Court should address Vanir's non-jurisdictional motion to disqualify the Tribes' counsel before addressing the threshold and jurisdictional issue presented in the Tribes' motion for remand (Dkt. 7). Vanir's response brief fails to identify legal authority supporting its novel argument that jurisdictional motions should be considered after a (meritless) motion to disqualify opposing counsel. In fact, Vanir's response brief fails to identify a single case where a federal district court addressed a motion for disqualification of counsel before a motion for remand challenging a wrongful removal under 28 U.S.C. § 1441.

Because the Tribes' motion for remand raises the subject matter jurisdiction of this Court over this case, the Court should address the jurisdictional question presented in the Tribes' motion for remand first and stay briefing of Vanir's motion to dismiss and motion to disqualify until after the Court considers and rules on the motion for remand.

## II.     REPLY ARGUMENT

Vanir's May 4, 2023 Opposition to Plaintiff's Motion to Stay (Dkt. 11) asserts the Court should rule on Vanir's motion to disqualify the Tribes' counsel before addressing the jurisdictional issue presented by the Tribes' motion for remand. Vanir's arguments should be rejected because they are not support by legal authority. More importantly, Vanir fails to acknowledge or address the fundamental principle that a motion implicating the Court's subject matter jurisdiction must be addressed first.

**A.      Vanir fails to address the fundamental legal principle that motions regarding the Court's subject matter jurisdiction must be addressed first.**

Vanir's response brief fails to acknowledge or address the fundamental rule that "in all actions before a federal court, the necessary and constitutional predicate for any decision is a determination that the court has jurisdiction--that is the power to adjudicate the dispute. The foundational support for all the court's rulings flow from that power." *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998) (citing *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 *1803)); *see also Fried v. Schmalzried*, No. 22-cv-00434-JAK (MRWx), 2022 WL 833333, at *3 (C.D. Cal. Mar. 21, 2022) (restating "the general rule that federal courts normally must resolve questions of subject matter jurisdiction before reaching other threshold issues.") (quoting *Guardado v. Highshaw*, No. ED133-cv-65 PSG (SPX), 2013 WL 12137105, at *2 (C.D. Cal.

May 6, 2013)).[1] The requirement that jurisdiction be established as a threshold matter "spring[s] from the nature and limits of the judicial power of the United States" and is "inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, 118 S. Ct. 1003, 1012, 140 L. Ed. 2d 210 (1998) (quoting *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884)); *see also Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 436, 127 S. Ct. 1184, 1194, 167 L. Ed. 2d 15 (2007).

**B.      The Tribes' motion for remand implicates this Court's subject matter jurisdiction, and therefore must be addressed first before considering Vanir's other motions.**

The Tribes' motion for remand asserts that this Court lacks subject matter jurisdiction over this case because it was improperly removed from Tribal Court. Courts have regularly addressed a motion to remand a removed case first before other pending motions because motions to remand raise the issue of the Court's jurisdiction over the case and all other pending matters. *See Travis Gene Estep Irrevocable Tr. v. Wireless Toyz Franchise, LLC*, No. CV 05-166-E-LMB, 2005 WL 1863320, at *1 (D. Idaho Aug. 4, 2005) ("Because the Motion to Remand is based on Plaintiff's assertion that this Court lacks subject matter jurisdiction, the Court will first address whether it has jurisdiction to decide the pending motions.") (granting motion to remand and denying remaining motions as moot); *Toumajian v. Frailey*, 135 F.3d 648, 655 (9th Cir. 1998) (holding that if removal was inappropriate, the court must remand for lack of subject matter jurisdiction, notwithstanding the pendency of other matters); *Bercut v. Michaels Stores Inc.*, No. 17-CV-01830-PJH, 2017 WL 2807515, at *5 (N.D. Cal. June 29, 2017) (holding that since a remand motion goes to the court's power to hear the case, it must be considered first);

---

[1] *See also McKinnon v. Applied Indus. Techs.*, No. 822CV01398JVSDFMX, 2022 WL 17363903, at *1 (C.D. Cal. Aug. 31, 2022), *reconsideration denied*, No. 822CV01398JVSDFMX, 2022 WL 18397515 (C.D. Cal. Sept. 23, 2022); *Goodwin v. Kojian*, No. SACV 13-325-JST (JPRx), 2013 WL 1528966, at *2 (C.D. Cal. Apr. 12, 2013) (quoting *Potter v. Hughes*, 546 F.3d 1051, 1061 (9th Cir. 2008)).

*Tucker v. Travelers Indem. Co. of Connecticut*, No. 17-CV-04613-HSG, 2017 WL 10456186, at

*1 (N.D. Cal. Oct. 4, 2017) (Because subject-matter jurisdiction is a threshold issue, the Court

addresses Plaintiffs' motion to remand first).[2]

The Tribes' Motion to remand directly raises the issue of this Court's subject matter

jurisdiction to hear any aspect of the case (including a motion to disqualify counsel) and must be

addressed first.

**C.      A pending motion to disqualify counsel does not create an exception to the Court's inquiry into matters of subject matter jurisdiction first.**

Contrary to Vanir's assertion, a motion to disqualify the Tribes' attorneys does not alter

the Court's examination of its subject matter jurisdiction under the federal removal statute before

addressing other non-jurisdictional motions. In fact, other Courts facing a motion to remand and

a motion to disqualify counsel have consistently ruled that the jurisdictional motion to remand

must be addressed first. "Courts have regularly found that when faced with contemporaneous

motions to dismiss for lack of jurisdiction and to disqualify an attorney, it is proper to decide the

jurisdictional question first." *Heimer v. Knight*, 2013 WL 12209912, at *1-2 (S.D. Miss. 2013),

*citing Rice v. Rice Found.*, 610 F.2d 471, 478 (7th Cir. 1979) (explaining that district court must

have and exercise subject matter jurisdiction before ruling on motion to disqualify); *ESN, LLC v.*

---

[2] *See, e.g.*, *Borden v. Blue Cross & Blue Shield,* 418 F.Supp.2d 266, 270 (W.D.N.Y. 2006) (citing *Univ. of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999)) ("When an action is removed from state court, the district court must initially determine whether it has subject matter jurisdiction over a plaintiff's claim before reaching the merits of a motion to dismiss, for summary judgment, or for other relief."); *Eichert v. Nat'l EWP, Inc.,* No. CV 16-15-M-DLC, 2016 WL 3683508, at *2 (D. Mont. July 5, 2016) (where there are competing motions to remand and dismiss pending before the Court, the motion to remand will be addressed first to determine whether this Court has jurisdiction over this dispute); *Broder v. Cablevision Sys. Corp.,* 418 F.3d 187, 194 (2d Cir.2005) ("Because a holding that the district court lacked removal jurisdiction would end our inquiry, we first address the district court's denial of [plaintiff's] motion to remand the case to state court for lack of jurisdiction."); *Cotter v. Milly LLC,* No. 09 Civ. 04639(PGG), 2010 WL 286614, at *2 (S.D.N.Y. Jan. 22, 2010) ("Because the issue of proper removal involves this Court's subject matter jurisdiction, it must be decided prior to [defendant's] motion to dismiss under Rule 12(b)(6)."); *Cnty. of Nassau v. New York*, 724 F. Supp. 2d 295, 300 (E.D.N.Y. 2010) ("The Court will address plaintiffs' remand before addressing defendants' motions because the remand motion challenges the Court's jurisdiction to hear this case. If the Court does not have jurisdiction, it does not have power to decide the defendants' motions.").

*Cisco Sys., Inc.*, 685 F. Supp. 2d 631, 645-646 (E.D. Tex. 2009) (concluding that subject matter jurisdiction was lacking so that case could not proceed on the merits, thus making motion to disqualify counsel moot); *Dinger v. Gulino*, 661 F. Supp. 438, 442 (E.D.N.Y. 1987) (concluding that question of jurisdiction should be considered before motion to disqualify attorney since "[a]bsent jurisdiction, it would be inappropriate for this Court to enter orders, even regarding a motion to disqualify an attorney"); *Vetter v. Sands*, No. 81 Civ. 5072, 1984 WL 794, 2 (S.D.N.Y. Aug. 23, 1984) (finding that defense motion to disqualify plaintiffs' counsel should be continued until determination of motion to dismiss challenging subject matter jurisdiction); *Arora v. Hartford Life and Annuity Ins. Co.*, 519 F. Supp. 2d 1021, 1024 (N.D. Cal. 2007) (granting motion to remand based on lack of subject matter jurisdiction and declining to rule on motion to disqualify counsel).

In support of its incorrect argument that the Court should address the motion to disqualify counsel first, Vanir cites to *Barber v. Ohana Military Communities, LLC*, 728 Fed.Appx. 749 (9th Cir. 2018). However, *Barber* does not support Vanir's statement that "a lack of subject matter jurisdiction has no bearing on the Court's inherent powers [in the context of sanctions]." (Dkt. 11 at 4). The court in *Barber* based its authority over counsel's conduct in that case on its retention of jurisdiction over a prior settlement agreement. 728 Fed.Appx. at 750 ("Barber's conduct was properly before the district court pursuant to its retention of jurisdiction over issues related to the settlement agreement . . . . Because the district court has jurisdiction over Barber's conduct, it might be able to exercise inherent and/or ancillary jurisdiction over the issue of counsel's alleged related misconduct involving improper solicitation."). In *Barber*, the court based its conclusions about the motion to disqualify on the district court's "retained jurisdiction to adjudicate any purported violations of the settlement agreement . . . ." *Id.* at 750-51. Because

*Barber* involved the district court's continuing jurisdiction over a settlement agreement, the case is inapposite.[3]

Vanir's pending motion to disqualify the Tribes' counsel does not alter the Court's duty to address the jurisdictional question raised by the Tribes' motion to remand. Vanir's response brief concedes, "the Supreme Court and the Ninth Circuit have yet to address the sequence in which a district court should rule on a jurisdictional motion versus a motion to disqualify counsel." (Dkt. 11 at 4). Vanir simply fails to recognize the cases cited above demonstrating that courts have regularly found that when faced with contemporaneous motions to dismiss for lack of jurisdiction and to disqualify an attorney, the courts have correctly determined it is proper to decide the jurisdictional question first. *See Heimer*, 2013 WL 12209912 at *1.

**D.      Even if the Tribes were not represented by counsel, this Court has the authority to *sua sponte* remand this case improvidently removed from the Tribal Court.**

Vanir argues that the Court should first address its motion to disqualify the Tribes' counsel before addressing the Tribes' jurisdictional motion for remand. Vanir cites the Court to *Rhuma v. Libya*, 2021 WL 5998457 (E.D. Cal. Dec. 20, 2021) and *Rowland v. California Mens Colony*, 506 U.S. 194 (1993) as legal authority supporting its argument. While these cases affirm the general rule that entities must be represented by licensed counsel, the cases do not involve Indian tribal governments or a motion for remand challenging the court's subject matter jurisdiction.[4] There has been no determination beyond Vanir's lawyer that the Tribes' counsel are

---

[3] Vanir cites to *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) in support of its argument that "a lack of subject matter jurisdiction has no bearing on the Court's inherent powers." (Dkt. 11 at 4). *Cooter* involved a motion for Rule 11 sanctions based on a voluntary dismissal under Fed.R.Civ.P. 41. Because the case does not involve a jurisdictional motion to remand and a motion to disqualify it is irrelevant to this case.

[4] Vanir correctly states that Indian tribes are "domestic dependent nations," but Vanir is incorrect in equating a tribal government with a "foreign state." *See Cherokee Nation v. Georgia*, 30 U.S. 1, 5 Pet. 1, 8 L.Ed 25 (1831) (holding that tribes are not foreign nations but are more correctly denominated "domestic dependent nations").

not "authorized to speak" for the Tribes and represent them in Court.[5] Even if the Tribes were not

represented by counsel in this case, this Court has the authority to sua sponte examine on its own

motion the question of whether this case should be remanded to Tribal Court. *See, e.g.*,

*Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.,* 435 F.3d 127, 133 (2d Cir. 2006)

(Challenges to subject matter jurisdiction may not be waived and may be raised sua sponte by the

district court); *Pitchford v. Aldaddin Steel, Inc.*, 828 F.Supp. 610, 612 (S.D. Ill. 1993) (a federal

district court is obligated to consider the correctness of the grounds for removal); *Adorno*

*Enterprises, Inc. v. Federated Dept. Stores, Inc.*, 629 F.Supp. 1565, 1567 (D.R.I. 1986) (the

federal removal statute calls for continuing scrutiny of the removal and "the law contemplates--

indeed, demands--that the district judge act sua sponte where appropriate."). Thus, even if the

Tribes' current counsel did not appear in this case, this Court has the independent authority to

examine the propriety of the removal in this case.

**E.      Vanir's untimely motion to disqualify the Tribes' counsel is without merit, and Vanir will not be unfairly prejudiced if the Court properly considers the Tribes motion for remand first.**

The baseless and serious nature of Vanir's allegations of professional misconduct warrant

a brief response even though the Tribes' deadline to respond to Vanir's motion to disqualify has

properly been stayed. (Dkt. 10). Motions to disqualify an opposing party's counsel are "subjected

to particularly strict judicial scrutiny."*Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*, 760 F.2d

1045, 1050 (9th Cir. 1985). The Ninth Circuit warned a "motion to disqualify a law firm can be a

powerful litigation tactic to deny an opposing party's counsel of choice." *Reading Intern., Inc. v.*

*Malulani Group, Ltd.*, 814 F.3d 1046, 1053 (9th Cir. 2016). Vanir's spurious allegations of

professional misconduct by the Tribes' attorneys should be rejected outright for a number of

---

[5] It is worth noting Andrew Gabel has not appeared in this federal case. And Andrew Gabel has not even appeared in the Tribal Court case that counsel for Vanir has incorrectly attempted to remove to this Court.

reasons. First, a 2018 Joint Defense Agreement includes a provision plainly stating that each

party expressly disclaims that the agreement or the sharing of confidential materials has or will

create an attorney-client relationship, fiduciary relationship, or agency of any kind between a

party and the attorney for any party. The Joint Defense Agreement was signed by Vanir's

attorneys, and Vanir has had its own attorneys at all times. The only forum where the existence

of the functional equivalent of attorney-client confidentiality was considered was the AAA

Arbitration between the Tribes and Ormond Builders, and there the AAA Panel ruled <u>twice</u> that

the functional equivalent of an attorney-client relationship ***did not exist*** between the Tribes and

Vanir.[6]

      Vanir's motion to disqualify is also untimely and waived under the circumstances of this

case. A "court must also consider that a motion to disqualify opposing counsel should be filed at

the onset of the litigation, or 'with reasonable promptness and reasonable diligence' once the facts

upon which the motion is based have become known. A failure to act promptly may warrant

denial of the motion." *Crown v. Hawkins Co., Ltd.*, 128 Idaho 114, 123, 910 P.2d 786, 795 (Ct.

App. 1996). In this case, the Tribes through its current attorneys filed the Tribal Court lawsuit

against Vanir on May 26, 2020.[7] Vanir did not file its motion to disqualify until April 14, 2023--

nearly ***three years*** after the initial lawsuit when any grounds for counsel disqualification would

---

[6] On February 7, 2019, the AAA Panel held: "After a thorough review of the record, Respondent Tribes have failed to establish that the functional equivalent of an attorney-client relationship exists for communications between it an Vanir. Vanir's role on the Project was not "intimate." . . . Rather, it was in the nature of a typical owner's representative on a major project." (Ormond v. Shoshone-Bannock Tribes, AAA Consolidated Case Nos. 01-17-0005-41, 01-18-0000-34-61, and 01-18-0001-34-28, February 7, 2019, Order No. 12 at pg. 6). On February 22, 2019, the Panel denied the Tribes' motion to reconsider and reiterated: "The Panel finds that the Tribes have not established that the relationship between the Tribes and Vanir is something more than the ordinary and typically encountered relationship between an owner and construction manager." (Order on Motion for Partial Reconsideration of Order No. 12 at pg. 1).

[7] It is also noteworthy that Vanir's own attorney signed a tolling agreement on July 16, 2020, which was negotiated with the Tribes' current attorneys and executed so the parties could attempt resolution of their dispute through mediation, which was ultimately unsuccessful.

REPLY IN SUPPORT OF MOTION TO STAY PLAINTIFFS' RESPONSE DEADLINES - 8

have been known to Vanir, and Vanir did not file the motion to disqualify the Tribes' attorneys until after the Tribes obtained a default against Vanir in Tribal Court. This substantial time delay warrants a denial of Vanir's motion to disqualify the Tribes' current counsel.

Vanir's motion to disqualify argues it will be unfairly prejudiced if the Tribes' current counsel are not immediately disqualified before the Court considers the Tribes' motion for remand. In support of this argument Vanir cites to *Crown v. Hawkins Co., LTD*, 128 Idaho 114, 910 P.2d 786, 795 (Idaho Ct. App. 1996) and *Reading Int'l Inc. v. Malulani Grp., Ltd.*, 814 F.3d 1046, 1053 (9th Cir. 2016). While these cases involve motions to disqualify counsel, neither of these cases involve a motion to remand a case improvidently removed from a tribal court. Because these cases do not address the Court's duty to examine its subject matter jurisdiction challenged in a motion for remand, the cases do not support Vanir's argument. The Court should remand this case to Tribal Court where it belongs. Vanir is not prejudiced because it will be able to present its motions in forum that has jurisdiction over the parties' dispute.

A motion to remand is jurisdictional and must be addressed before a court considers other non-jurisdictional motions. *See Travis Gene Estep Irrevocable Tr. v. Wireless Toyz Franchise, LLC*, No. CV 05-166-E-LMB, 2005 WL 1863320, at *1-2 (D. Idaho Aug. 4, 2005) ("Because the Motion to Remand is based on Plaintiff's assertion that this Court lacks subject matter jurisdiction, the Court will first address whether it has jurisdiction to decide the pending motions . . . the Court concludes that it lacks jurisdiction over this action and grants Plaintiff's Motion to Remand. The remaining motions are now moot.").[8]

---

[8] *See also Cabalce v. VSE Corp.*, No. CIV. 12-00373 JMS, 2012 WL 3614204, at *1 (D. Haw. July 31, 2012) ("In light of the *Cabalce* Plaintiffs' Motion for Remand and Motion to Strike, the Court finds that it is inappropriate to decide the Motions to Consolidate prior to the District Judge's determination of whether this Court has subject matter jurisdiction."), report and recommendation adopted, No. CV 12-00373 JMS-RLP, 2012 WL 3614182 (D. Haw. Aug. 20, 2012); *Allen v. Utiliquest, LLC*, No. C 13-4466 SBA, 2013 WL 12181780, at *1 (N.D. Cal. Oct. 24, 2013) ("Defendants' motion for summary judgment shall be held in ABEYANCE pending adjudication of Plaintiff's motion to remand."); *Tanner v. Kaiser Found. Health Plan, Inc.*, No. C 15-02763-SBA, 2015 WL 6081771, at *5 (N.D. Cal.

### III.    CONCLUSION

For the foregoing reasons, the Court should stay the Tribes' response deadlines for

Vanir's motion to dismiss and motion to disqualify until after the Court considers and rules on

the motion for remand and request for an award of attorney's fees and costs.

Respectfully submitted this 8th day of May 2023.


 */s/ Paul C. Echo Hawk*
Paul C. Echo Hawk

*Attorney for the Shoshone-Bannock Tribes and*
*Fort Hall Business Council*


### CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of May 2023, I filed the foregoing REPLY IN

SUPPORT OF MOTION TO STAY PLAINTIFFS' RESPONSE DEADLINES, electronically

through the CM/ECF system, which caused the following parties or counsel to be served by

electronic means, as more fully reflected in the Notice of Electronic Filing:

Elijah M. Watkins
elijah.watkins@stoel.com

 */s/ Paul Echo Hawk*
Paul C. Echo Hawk

---

Oct. 15, 2015) ("Defendants' Motion to Dismiss and Motion to Strike Pursuant to Rule 12(b)(6), Dkt. 6, has been held in abeyance pending resolution of the Motion to Remand."); *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("Moreover, a federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court.").